# Law and Equity

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

———•○○———

## Corwithe and others *vs.* Griffing and others.

A judgment, either of an equitable or legal tribunal, obtained by fraud, may be in effect vacated, by a court of equity.

But the parties injured by such judgment must apply for relief within a reasonable time. If they are grossly negligent in asserting their rights, and suffer several years to elapse, before applying to the court, they will be considered as coming too late.

A suit in partition is a proceeding *in rem ;* and the jurisdiction of the court is confined to the subject matter set forth and described in the petition.

If the defendants sign a cognovit, acknowledging the correctness of the allegations contained in the petition, and consenting that partition shall be made of the land .therein described, the judgment for partition is founded upon the confession, and is limited by it. The court has no authority to go beyond it.

If the commissioners do not partition the tract described in the petition, but extend their action to land consisting partly of a portion of such tract and partly of other property, they exceed their jurisdiction, and the court exceeds its jurisdiction, in confirming the report; and the judgment is null and void.

A partition is a unity, and cannot be so severed as to save one part while the other is lost. The whole must stand or fall together.

In many instances where a court exceeds its jurisdiction, the judgment is simply void and of no effect, and the interposition of a court of equity is not necessary to prevent its operation. This, however, is only in cases where the defect is manifest upon the record. Where it is not manifest, and it is necessary to resort to exterior evidence to show it, the judgment is a cloud upon the title to real estate, which can be dissipated only by a court of equity; and in such cases the injured party has a right to invoke the interference of such court, for his protection.

THIS was an action brought to set aside a judgment of the late court of common pleas of the county of Suffolk, in a partition suit, on the grounds of fraud and want of jurisdiction. The present action was tried at the Suffolk circuit in May, 1855, before Justice S. B. STRONG and a jury. The facts will be found detailed in the opinion below.

*Miller & Tuthill,* for the plaintiffs.

*S. D. Dayton* and *Wm. Wickham, jun.* for the defendants.

S. B. STRONG, J. The plaintiffs instituted this action to set aside a report of commissioners in partition and a judgment confirming it, in a suit in the late court of common pleas of the county of Suffolk, in which the late Stephen Griffing was plaintiff, or petitioner, and two of the plaintiffs in this action and the late Nathan Corwithe, whose share in the land in controversy belongs to the other three plaintiffs, with others were defendants, on the grounds that the lands allotted to the Corwithes, and some other defendants, were not included in the territory described and intended in and by the petition for partition, and were not held in common, or at all, by the parties to that suit, but were held and owned by an adverse claimant; and that the illegal allotment made by the commissioners was procured by Stephen Griffing, who was present and pointed out the boundaries as assumed by the commissioners, although it was known to him that such boundaries included, on the east, land which was not designated in the proceedings in the partition suit; or, at any rate, that such last mentioned land was held by an adverse claimant; and that he procured an assignment

Corwithe *v.* Griffing.

to himself of the western portion allotted by the commissioners, and thereby obtained an extension of his adjoining lot on the west.

The defendant Edgar Griffing alone answered. He alleged in his answer, that the land included in the partition suit was truly located by the commissioners, and he insisted that the plaintiffs were barred from obtaining any relief, by the statute of limitations. The answer also contained a general denial (in effect) of any mistake or fraud, and alleged that since the decision made in the partition suit, the parties thereto, and those claiming under them, had held the lands in severalty and occupied them pursuant to the allotment. The action was tried before me, without a jury, at the Suffolk circuit, in May, 1855, when the following facts were proved, and are accordingly found by me.

In the year 1838 the late Stephen Griffing presented a petition to the court of common pleas of Suffolk county, praying for a partition between himself and the present defendants, Edgar Griffing, Stephen F. Griffing and Harvey Halsey, the late Shephard Halsey, the present plaintiff, Gordon Corwithe and William Corwithe and the late Nathan Corwithe, of "that certain lot, tract or piece of land situate in the town of South-ampton, in the county of Suffolk, being lot number thirty-one in the last division of Quogue Purchase, extending from the south country road to the middle of the plains, (so called,) the said tract being bounded southerly by the south country road, westerly by the land of the said Stephen Griffing, northerly by the middle of the plains, and easterly by the land then or late of Stephen Wright." The parties to the suit then held the said land described in the petition as tenants in common. The actual easterly boundary of the lot as then held and owned by the said parties, was at and upon a ditch made by one Stephen Wright, who at the time owned and possessed the adjoining land on the east, commencing on the south country road and extending some distance to the north and a line extending from said ditch, and upon the same course, to the northeast corner of such lot. A judgment was subsequently entered in that

suit, for a partition of the land between the parties, according to their rights as set forth in the petition, and commissioners were appointed to make it. The commissioners went upon the land for the purpose of performing that duty. The said Stephen Griffing met with them, and pointed out the boundaries of the lot as assumed by the commissioners. He knew at the time that the adjoining proprietor on the east, who was then and still is, John S. Jessup, occupied and claimed the land up to the said ditch. But it does not appear that he apprised the commissioners of such adverse occupation or claim; nor does it appear that he admitted the justice of such claim, but it is reasonable to infer, and I so find, that he deemed it invalid. Neither of the defendants Halsey nor Corwithe were present at any time with the commissioners when they were transacting the business so confided to them; nor did they at any time take any part in the suit, except in signing a confession of the allegations contained in the petition, and a consent that the desired partition should be made. The tracts allotted by the said commissioners to Nathan Corwithe and William Corwithe were entirely east of the said eastern boundary line mentioned in the petition for partition, and were not owned by the parties to that proceeding, or by either of them. The tract allotted to Gordon Corwithe was probably wholly or in part east of such boundary line, but that did not clearly appear, and accordingly is not to be assumed in deciding this case. The south westerly tract set off by the commissioners was allotted to the said Stephen Griffing, who was at the time the proprietor of the land adjoining the said lot number thirty-one, on the west. The partition thus made by the commissioners was reported by them to the court, and a judgment confirming it was thereupon entered. The date of the judgment was not proved on the trial. It was probably entered either in the year 1838 or 1839. It was at any rate more than ten years previous to the commencement of this action. Stephen Griffing has since died, and his estate in the premises is now held by Edgar Griffing, who also holds the share or lot of Stephen F. Griffing. The said Shepherd Halsey and Nathan Corwithe are also dead. The estate of Shepherd

Corwithe *v.* Griffing.

Halsey in the premises is now held by his sons the defendants Isaac C. Halsey, William S. Halsey and Edwin C. Halsey, and the estate of Nathan Corwithe is held by his brothers and sisters the present plaintiffs, David Corwithe, Sarah Corwithe and Emeline Corwithe. It does not appear that there has been since the partition, any actual sale of any part of the lot sought to be divided, except by the defendant Stephen F. Griffing to the defendant Edgar Griffing. The lot set off by the commissioners to Stephen F. Griffing was the next east of that assigned to Stephen Griffing, and the lot next east of that was assigned to Edgar Griffing. The Griffings have, since the partition was made, held and occupied the portions assigned to them, in severalty. It did not appear at the trial, whether the Halseys or the Corwithes ever occupied the lots assigned to them, or that until the two years next preceding the commencement of this suit they knew where they were.

The question of law upon this statement of facts is, whether the allotment made by the commissioners, and the judgment upon it, should be annulled. The time has long since elapsed when the judgment could have been set aside for irregularity, or reversed upon the merits, by any proceeding in the original suit. If the plaintiffs are entitled to any redress, it must be through the intervention of this court as an equitable tribunal. Such intervention is invoked on two grounds; first, that the judgment of the Suffolk common pleas was obtained by fraud; and second, that such court, in rendering the judgment, exceeded its jurisdiction.

There is no doubt but that a judgment, either of an equitable or legal tribunal, obtained by fraud, may be, in effect, vacated by a court of equity. (*Munn* v. *Worrall*, 16 *Barb.* 221, *and the authorities there cited.*) But the difficulty on this point in the case is, that fraud is not sufficiently alleged in the complaint; nor, if it had been, would it have been made out by the evidence. It was not alleged nor proved that Stephen Griffing knew that the lot did not extend as far east as the allotment went. Upon the principle which he assumed, the eastern boundary adjusted by the commissioners would have

Corwithe *v.* Griffing.

been the true one. He was wrong as to that, but his belief in it would exempt him from the charge of fraud. Besides, had the relief demanded been based solely upon a distinct charge of fraud, and that had been sustained by the proof, I should have been inclined to deny it, on the ground that the parties wronged by the partition had been grossly negligent in the protection of their rights. They knew of the proceeding of the suit. They suffered the partition to be made, without paying any attention to its situation. It does not appear that they held any communication with the commissioners, or that they ever knew who they were. They permitted the report to be confirmed without opposition or inquiry. And it would seem—indeed the plaintiff so alleges—that they did not ascertain or inquire what lands had been allotted to them, within a period of at least ten years. Under such circumstances I should feel much inclined to say that they came too late, at least to maintain a claim founded entirely upon a charge of fraud, against a neighbor and relation of theirs who is now no more, and is of course incapable of defending himself. The statute of limitations should be in such cases, as it is, a statute of repose.

But if the plaintiffs are correct in the point that the court of common pleas exceeded its jurisdiction, the judgment was a nullity; and as the lands allotted to the defendants or those under whom they claim have not been held in severalty for a period of twenty years, it is not too late to assert and maintain their injured rights. The suit in partition was, as the plaintiffs' counsel justly remarked, on the trial, *in rem.* In such cases the jurisdiction of the court (particularly as it is in a special statutory proceeding) was confined to the subject matter, set forth and described in the petition. There is no principle of law or justice which could or should extend it any further. The petition announces to the parties defendants that a partition is demanded, of the land which it describes. The defendants act upon that supposition. If the lands and the estates of the owners are correctly described, no resistance is usually made to the application. In this case the defendants signed a cognovit, acknowledging the correctness of the allegations contained in

Corwithe *v.* Griffing.

the petition, and consenting that partition should be made of the land therein described. The judgment that partition should be made was founded upon the confession, and was of course limited by it. The court had no authority to go beyond it. The commissioners did not partition the tract described in the petition, but extended their action to land consisting partly of the eastern portion of such tract and partly of other property. Clearly the court had no jurisdiction, nor could it confer any upon the commissioners, over the lands allotted to William and Nathan Corwithe, and so far the action of each was null and void. The same objection is, in my opinion, applicable to the entire allotment. The partition was a unity, and could not be so severed as to save one part whilst the other was lost. The whole must stand or fall together. A division cannot be made pursuant to the statute, except of the entire tract. The quantity and quality of the whole and relatively of each part must be considered; and that can be done only when the estimate is applied to the identical tract and its various parts. I do not mean to say that every trivial variation will avoid the proceeding. The principle is not so stringent. The maxim *de minimis non curat lex* would be applicable to them as well as to other matters. But in this instance the variance goes to the entire portions allotted to at least two of the parties. It is too essential, and it would, if it should prevail, operate too unequally, to allow it to stand.

In many instances where a court exceeds its jurisdiction the judgment is simply void and of no effect, and the interposition of a court of equity is not necessary to prevent its operation. That, however, applies only to cases where the defect is manifest upon the record. Where it is not, and it is necessary to resort to exterior evidence to show it, as in this case, the judgment is a cloud upon the title to real estate, which can be dissipated only by a court of equity; and in such cases the injured party has a right to invoke the interference of such court for his protection.

The plaintiffs in this case ask, in addition, that this court will now order a partition between the parties. That cannot be done in this suit, nor do I think that it should be attempted until the

dispute in respect to the boundaries shall be definitively settled between the present parties and the owners of the adjoining lands. Such boundaries cannot be settled (except so far as it relates to the owners of this tract among themselves) without calling in other parties.

It must be decreed that the allotment made by the commissioners in partition, and the judgment of the court of common pleas of Suffolk county confirming it, are null and void and of no effect.

No costs are awarded in this suit, and it must be declared that the decree shall not so operate as to affect the payment of the costs in the court of common pleas.

Subsequently the parties appearing before Judge Strong, he made the following decision in reference to the costs of this cause.

S. B. STRONG, J. I was not present when the appeal in this action was argued at the general term, and had no voice in its decision, nor was I aware of its requisitions until after I had delivered my opinion. I have now been favored by the presiding justice with a copy of the opinion of the court, on the appeal. And I perceive by it that it was adjudged that the costs of such appeal were to abide the event of the suit. As the suit has been eventually decided against the then respondent Edgar Griffing, he must, pursuant to the decision at the general term, which is of course obligatory upon me, pay the costs of the appeal. As the opinion at the general term in effect decided what I considered on the first trial to be, and what I think now were, the principal questions in the controversy, the parties should have acquiesced in it, and none of them should have rendered necessary another expensive trial. The second trial was caused by the persistence of the defendant Edgar Griffing, and he must also pay the costs of that trial. In other particulars each of the parties must bear their own costs.

As no decree has yet been entered, these directions are to have the same effect as if they had been incorporated (in lieu of what I directed as to the costs) in my original opinion.

[SUFFOLK SPECIAL TERM, May 28, 1855.  *S. B. Strong*, Justice.]