CREIGHTON et al., appellants, *v.* HERSHFIELD et al., respondents.

CASE AFFIRMED.  The case of *Gallagher* v. *Basey*, *ante* , 457, holding that legal and equitable causes cannot be blended together, affirmed.

EQUITY —*jury trial*—*void decree.*  A decree, which is rendered upon the verdict of a jury in an equitable action, that has been tried as a suit at common law, is void.

EQUITY —*jurisdiction of courts under organic act.*  The jurisdiction as to law and equity, of the courts of the Territory created by the organic act, are as separate and distinct as those that were known and defined at the time of the adoption of the constitution.

EQUITY —*actions at law*—*trial*—*jurisdiction.*  A court has no jurisdiction in this Territory to try a common-law action as a suit in equity; and it cannot try an equitable action as an action at common law.

EQUITY —*foreclosure of mortgage*—*personal judgment.*  In an equitable action to foreclose a mortgage, a court cannot render a personal judgment against the mortgagors, and decree a sale of the mortgaged premises to satisfy such judgment.

JUDGMENT —*jurisdiction.*  The judgment of a court that exceeds its jurisdiction is void.

UNDERTAKING ON APPEAL —*void judgment for deficiency.*  An action for the non-payment of a judgment cannot be brought upon an undertaking on appeal, providing for the payment of any deficiency arising upon the sale of mortgaged premises, if no judgment for such deficiency was rendered in the original suit.

*Appeal from the Third District, Lewis and Clarke County.*

THIS case was before the court in December, 1868, *ante*, 66.

In November, 1870, the court, SYMES, J., rendered a judgment in favor of Creighton *et al.*, plaintiffs, for $4,400. The court, WADE, J., sustained the motion of Hershfield *et al.*, defendants, for a new trial in December, 1871, and plaintiffs appealed. The facts are stated in the opinion.

E. W. & J. K. TOOLE, for appellants.

Respondents were intervenors in the original suit of appellants' assignors. *Griffith et al.* v. *Hermann et al.* Respondents appealed from the decree therein and executed the undertaking sued on. The decree was in accordance with the old chancery practice. The bond subserved its purpose, and stayed the sale of the mortgaged premises and secured a hearing in the appellate court. The decree was sustained by the supreme court and became the law of the case until reversed by some competent tribunal. This decree is in full force until reversed, and cannot be attacked in this action or collaterally. The undertaking speaks for itself and there was a consideration to support it. *Lomme* v. *Sweeney*, *ante*, 584.

The bond provides for the payment of the deficiency after a sale under the decree, which was affirmed, and not for any judgment that may be docketed. The bondsmen have nothing to do with the clerk's duty to docket a judgment for deficiency on the coming in of the sheriff's return. It is not one of the conditions of their bond. The bondsmen are liable under the statute, and their undertaking upon a sale of the property under the decree, when the amount of the deficiency is ascertained. The decree, sheriff's return, sale, etc., were made before this suit was commenced.

If the statute prevails, respondents cannot escape the liability fixed by the decree, sale, bond and judgment. If the statute does not prevail, it is a bond executed by principals and sureties, and subserved its purpose on appeal. Respondents are bound by the conditions of their bond. The

legislature has properly provided for the giving of under-takings on appeal.   Civ. Prac. Act 1867, §§ 202, 336.

CHUMASERO & CHADWICK, for respondents.

The decree in the case, in which the undertaking sued on was given, blended law and equity in the same proceeding. The relief demanded was a personal judgment and a sale of mortgaged property.   The case was tried by a jury and a general verdict was rendered.   No judgment for any deficiency was ever entered or asked for.   The trial was conducted as a trial at common law, and the decree was entered thereon. The decree was, therefore, void. *Dunphy* v. *Kleinschmidt*, 11 Wall. 610; *Noonan* v. *Lee*, 2 Black, 499; *Orchard* v. *Hughes*, 1 Wall. 77; *Fenn* v. *Holme*, 21 How. (U. S.) 484.

No action can be maintained on a bond given on appeal from a void decree.   When a court acts without authority, its judgments are void.   *Elliott* v. *Piersol*, 1 Pet. 340; *Hollingsworth* v. *Barbour*, 4 id. 471.

A void judgment is not made valid by an affirmance on ground not affecting its validity.   Brightly's Dig. 505, §§ 78, 79, 82, and cases cited.

The jurisdiction of any court may be inquired into by every court, where the proceedings of the former are relied on and brought before the latter by the party claiming the benefit of such proceedings. *Chemung C. B.* v. *Judson*, 4 Seld. 254; Brightly's Dig. 505, § 77, and cases cited.

Where it is manifest on the record that a court has ex-ceeded its jurisdiction, the judgment is void.   21 Barb. 9.

The bond sued on contains a provision not required by the statutes.   If more be added to the condition of a bond prescribed by statute than the statute requires, no breach can be assigned on such part of the condition.   Bright-ly's Dig. 104, and cases cited.

WADE, C. J.   This cause comes into this court on appeal from an order in the court below, granting a new trial.   The record discloses the following state of facts: Some time

prior to the 13th day of May, 1868, Joseph Griffith and William Thompson commenced an action, in the district court for the third district, against John Hermann and Solomon Star, to foreclose a certain mortgage, given by said Hermann and Star to said Griffith and Thompson. The defendants, Lewis H. Hershfield and A. Hanaur, having a mortgage against the same parties and upon the same property, and claiming priority over Griffith and Thompson, were made defendants in said action, and permitted to set up their claim of priority. The cause was tried and submitted to a jury, upon the evidence and instructions from the court, and the jury, having found that the Griffith and Thompson mortgage was a prior lien to that of Hershfield and Hanaur, and having found a general verdict for the plaintiffs for the amount of their claim, thereupon the court rendered a personal judgment upon such verdict against said Hermann and Star, for the amount of plaintiffs' debt and costs, and, in default of payment, ordered a sale of the mortgaged premises, directing that the proceeds of such sale be applied first to the payment of Griffith and Thompson, and the balance, if any, to the payment of the claim of Hershfield and Hanaur. From this decree, rendered on the 13th day of May, 1868, the defendants, Hershfield and Hanaur, appealed to the supreme court of the Territory, and executed a bond for such appeal, in pursuance of the statute. The case was tried in the supreme court, and the judgment below, having been modified as to the amount of interest included in the judgment, was affirmed.

The plaintiffs, Griffith and Thompson, having assigned the undertaking, given on appeal to these plaintiffs, they, on the 21st day of June, 1870, commenced a suit thereon to recover the amount of the judgment rendered as aforesaid, less the amount received from the sale of said mortgaged premises. The defendants, Hershfield and Hanaur, appeared and defended in said action, and in their answer set out the record in the original suit, wherein it appeared that said action, being a suit to foreclose a mortgage and to adjust priorities of liens, was submitted to a jury, and a general

verdict rendered therein, upon which verdict the court rendered a personal judgment against the defendants, and ordered a sale of the mortgaged premises; and the jury, having found plaintiffs' mortgage to be a prior lien to that of defendants, Hershfield and Hanaur, the court directed and ordered the proceeds of such sale to be applied accordingly. That part of the answer setting up said judgment and decree having, on motion, been stricken from said answer, the cause was, by consent of parties, submitted to the court, sitting without a jury.

The court made a finding of facts and conclusions of law, and thereupon rendered judgment for plaintiffs.

Afterward, at the December term, 1871, of said court, the statement having been settled, the defendants submitted a motion for a new trial, on consideration whereof the same was sustained, and a new trial granted, and from the order granting a new trial the plaintiffs appeal to this court.

The solution of one question ought to determine this case. The suit of *Griffith and Thompson* v. *Hermann and Star* was an equitable action to foreclose a mortgage and adjust priority of liens, and regularly the chancery jurisdiction of the court would have been invoked. The case was, in fact, tried as a common-law action to a jury, and the decree was rendered upon the verdict, and not upon the facts founded by the chancellor.

Did such action render the judgment void, or was it simply an irregularity that did not affect its validity?

We have already decided in the case of *Gallagher et al.* v. *Basey et al.*, *ante*, 457, that legal and equitable causes of action cannot be joined in one suit; neither can an equitable defense be made to a legal cause of action, and it may be well in determining the question at bar to ascertain the reasons for this decision. By the organic act, section 9, the supreme and district courts are clothed with chancery as well as common-law jurisdiction, and in interpreting this language, we may safely recur to decisions of the federal courts, wherein the meaning of section 2, article 3 of the constitution, in which it is declared "that the judi-

cial power of the United States shall extend to all cases in law and equity arising under the constitution, the laws of the United States," etc., is judicially settled and determined; for the federal courts in the States, by this language of the constitution, are given the same jurisdiction as to law and equity, as are the supreme and district courts of this Territory by the organic act.

We believe that an examination of these decisions will show that this language of the constitution and of our organic act, was intended to and did confer upon the courts therein named, chancery as well as common-law jurisdiction, as these two jurisdictions were known and defined at the time of the adoption of the constitution, and that the jurisdictions thus conferred are entirely separate and distinct from each other; that they cannot be blended together in this Territory ; and that if a common-law action is tried as a suit in chancery, or an equitable action as an action at law, in either case the proceedings are void, for the reason that in either case the court would act within its jurisdiction or authority, and its act would be a nullity.

In the case of *Fenn* v. *Holme*, 21 How. 484, the court say : " By the constitution of the United States, and by the acts of congress organizing the federal courts, and defining and investing the jurisdiction of these tribunals, the distinction between common-law and equity jurisdiction has been explicitly and carefully defined and established." "In the act of congress to establish the judicial courts of the United States this distribution of law and equity powers is frequently referred to, and by the sixteenth section of that act, as if to place the distinction between these powers beyond misapprehension, it is provided ' that suits in equity shall not be maintained in either of the courts of the United States in any case where plain, adequate and complete remedy may be had at law,' at the same time affirming and separating the two classes or sources of judicial authority. In every instance in which this court has expounded the phrases, proceedings at common law and proceedings in equity, with reference to the exercise of the judicial power

of the courts of the United States, they will be found to have interpreted the former as signifying the application of the definitions and principles and rules of the common law to rights and obligations essentially legal; and the latter, as meaning the administration with reference to equitable, as contradistinguished from legal rights of the equity law, as defined and enforced by the court of chancery of England."

In the case of *Parsons* v. *Bedford et al.*, 3 Pet. 446, the court holds this language: "The constitution had declared in the third article, 'that the judicial power shall extend to all cases in *law* and *equity* arising under this constitution, is the laws of the United States,' etc. It is well known that in civil causes, in courts of equity and admiralty, juries do not intervene, and that courts of equity use the trial by jury only in extraordinary cases, to inform the conscience of the court. When, therefore, we find that the amendment (7th amendment) requires that the right of trial by jury shall be preserved in suits at common law, the natural conclusion is that the distinction was present in the minds of the framers of the amendment. By *common law* they meant what the constitution in the third article denominated, 'LAW,' not merely suits which the common law recognized among its old and settled proceedings, but suits in which *legal* rights were to be ascertained and determined in contradistinction to those where *equitable rights* alone were recognized and equitable rights administered."

In the case of *Bennett* v. *Butterworth*, 11 How. 669, the chief justice of the United States uses this language:

"The common law has been adopted in Texas, but the forms and rules of pleading in common-law cases have been abolished, and the parties are at liberty to set out their respective claims and defenses in any form that will bring them before the court. And as there is no distinction in its courts between cases at law and equity, it has been insisted in this case, on behalf of the defendant in error, that this court may regard the plaintiffs' petition either as a declaration at law or as a bill in equity. Whatever may be the laws of Texas in this respect they do not govern the pro-

ceedings in the courts of the United States. And although the forms of proceeding and practice in the State courts have been adopted in the district court, yet the adoption of the State practice must not be understood as confounding the principles of *law* and *equity*, nor as authorizing legal and equitable claims to be blended together in one suit. The constitution of the United States, in creating and defining the judicial power of the general government, establishes this distinction between law and equity, and a party who claims a legal title must proceed at law, and may undoubtedly proceed according to the forms of practice in such cases in the State court. But if the claim be an equitable one he must proceed according to the rules which this court has prescribed, regulating proceedings in equity in the courts of the United States."

These authorities, it seems to us, ought forever to settle the question as to the blending of law and equity in one action in this Territory, while our organic act remains unchanged, and applying the principles herein enunciated to the case under consideration, we are compelled to say it was error in the court below to render a personal judgment against defendants in the first instance, and then to decree a sale of the mortgaged premises to satisfy such judgment, thus granting both legal and equitable relief in the same suit.

And we deduce from the foregoing authorities, that in determining whether a case shall be tried as at common law or in chancery, we simply determine a question of jurisdiction, and we say, in the light of these authorities, that a court having common-law as well as equity jurisdiction, has no authority to try an equity case as a case at common law, neither has it authority or jurisdiction to try a case at law as a suit in chancery.

In a suit in chancery the decree must emanate from the chancellor. He must find the facts. He alone is responsible, and the decree must proceed directly from him; while in an action at law the jury find the facts, and the court has no jurisdiction whatever over the facts.

The suit at bar was an equitable action to foreclose a mort-

gage on certain real property, and to ascertain the priority of liens between the several mortgages. There were no facts found in the case by either court or jury. There was a general verdict for plaintiffs, and a personal judgment against defendants, and a decree ordering a sale of the premises rendered thereon. The case was tried as a simple common-law action. The testimony was produced before the jury, instructions given by the court, verdict for plaintiff and judgment and decree thereon.

Suppose this had been a suit at law, for instance, to recover damages for breach of contract, and the court had denied the plaintiff a jury trial, and had ordered the trial to the court, and had rendered judgment in such suit; this would have been manifest error, and the judgment void, for the reason that the court has not jurisdiction or authority to try such a case without the intervention of a jury. And so, for the same reason, suppose this had been an equitable action, for example, to compel the specific performance of a contract, or to correct an accident or mistake where there was no adequate remedy at law, and the court had refused to try the case as a chancellor, finding the facts and rendering a decree thereon, but had ordered the case to be tried to a jury and had directed them to find a general verdict, making the jury alone responsible for the finding of fact. Such verdict and such finding would be a nullity, for the reason that the court has not jurisdiction or authority to try such a case to a jury.

In equity causes, where the chancery jurisdiction of the court is rightfully invoked, the judge, sitting as chancellor, has the sole and exclusive jurisdiction to find the facts and to make the decree, and this authority cannot be delegated to the jury, only in such a manner as to make the chancellor alone responsible for the facts. This is an elementary principle in equity jurisprudence, and is one of its distinguishing features, whereas in an action at law the jury has the sole and exclusive jurisdiction over the facts, and the court simply renders judgment upon the facts found. We arrive at this conclusion: that an equity case wherein the

chancery jurisdiction of the court is properly called into requisition, cannot be tried as a common-law action to a jury, and if so tried and prosecuted to judgment and decree, such judgment and decree is void.

This view of the law is clearly presented in the case of *Dunphy* v. *Kleinsmith*, 11 Wall. 614. In that case the court say: "This case was clearly a case of chancery jurisdiction and one necessarily requiring equitable as distinguished from legal relief. The property, according to the charge of the complaint, had been put beyond the reach of the ordinary process of the law. It had been disposed of by the assistance and through the co-operation of Dunphy in such a manner that the judgment creditors could not find it to satisfy their claims, or if found, it was held by Dunphy under cover of an assignment, which *prima facie* gave him the legal title." "In a country or territory where the systems of common law and chancery both substantially prevail, it is perfectly clear that chancery only could give adequate relief in such a case. And then the case was instituted and the pleadings were framed strictly in accordance with this view. The bill is strictly a bill in chancery praying for equitable relief. Now it is perfectly obvious that, with the exception of the verdict being rendered by nine jurors, the trial was altogether conducted as a trial at common law, and that the decree was rendered on the verdict precisely as a judgment is rendered on a verdict at common law. *This was clearly an error.*"

"The case being a chancery case, and being instituted as such, should have been tried as a chancery case, by the modes of proceeding known to courts of equity. In those courts, the judge or chancellor is responsible for the decree. If he refers any questions of fact to the jury, as he may do by a feigned issue, he is still to be satisfied in his own conscience that the finding is correct, and the decree must be made as the result of his own judgment, aided, it is true, by the finding of the jury. Here, the judgment is pronounced as the mere conclusion of law, upon the facts found by the jury."

If we should substitute the names of the parties to the suit we are considering, the foregoing language would apply with equal force. It is perfectly obvious in the case under consideration, as it was in the Dunphy and Kleinsmith case, that the trial was, altogether, conducted as a trial at common law, and that the decree was rendered on the verdict precisely as a judgment is rendered on a verdict at common law. And this being a chancery case, and admitted to be such, as the Dunphy case was, and being instituted as such, should have been tried as a chancery case, by the modes of proceeding known to courts of equity. And if the failure to try the Dunphy and Kleinsmith case, according to the modes of the chancery practice, was error, the same failure in this case was equally erroneous.

In the case referred to, the court say, that its trial as a common-law action was clearly an error. This language must be taken to mean, that the judgment and decree, in that case, were null and void, for they reverse the case and send it back for a new trial, because of this *error;* whereas, if they had considered this *error* as a mere irregularity, not going to the validity of the judgment, they would have affirmed it in a modified form, so as to cure the irregularity. An error or irregularity, going to the jurisdiction of the court that will reverse a judgment, is such an error that renders such judgment void.

Why was the judgment and decree in the Dunphy and Kleinsmith case erroneous and void? Simply because the court exceeded its jurisdiction, in trying an equity case as an action at common law. It is purely a question of jurisdiction, and as clearly defined as the law, which prohibits a justice of the peace from trying the title to real property.

Where it is manifest on the record that a court has exceeded its jurisdiction, the payment is simply void. 21 Barb. 9 ; 16 U. S. Digest, 169, § 8.

To uphold the judgment and decree in the case of *Griffith & Thompson* v. *Hermann & Star*, we must, at one blow, abolish all distinction in the modes of trial in actions at law and suits in equity, and we must say that these two juris-

dictions, so carefully preserved in the constitution, in our organic act, and in the numerous decisions of the supreme court of the United States, are entirely meaningless, and that it is equally competent to try an equity, as a common law case to a jury. We must say, further, that our district courts have no distinctive equity jurisdiction ; that the evidence should not be preserved in a chancery suit ; that the jury, and not the chancellor, is responsible for decrees in chancery ; that such decree can be rendered upon a general verdict, in the absence of any finding of fact, and that the statute of the Territory, and the rule of the supreme court of the United States, in suits to foreclose mortgages requiring judgment for deficiency to be entered after the coming of the return of sale, showing that the full amount of the claim has not been made by the sale, are mere nullities and of no force or authority whatever. We are not prepared to thus overturn the very source and foundation of our jurisprudence.

The judgment and decree in the case of *Griffith & Thompson* v. *Hermann & Star* being void, the undertaking, given on appeal from the same, is also void, and cannot furnish the foundation for a right of recovery in this action.

The undertaking sued on is in proper form, and provides for the payment of any deficiency arising upon the sale of the mortgaged premises, in pursuance of the statute ; but no judgment for deficiency is asked for or given, as required by the rule of the supreme court of the United States, and the statute of this Territory, in suits to foreclose mortgages, so that the bond provides for a condition not contained in the case, and no breach of the bond or undertaking can be assigned for non-payment of the judgment, unless we say that the personal judgment for the full amount of the mortgage, rendered upon the verdict of a jury, is a judgment for deficiency, as contemplated and required by the statute and the rule aforesaid. We are not called upon to create a condition, and then to assign a breach of the undertaking for a violation thereof.

If the case had been tried to the court, sitting as a chan-

cellor, and if the decree had been based upon facts found by the court or judge, and, through inadvertence, accident or mistake, a personal judgment had been rendered for the full amount of the money due on the mortgage, undoubtedly this court could correct such mistake or irregularity, and render a judgment for deficiency; but the judgment, being void from its inception, we cannot give it vitality and then correct an irregularity thereon.

The order granting a new trial was properly made, and the judgment below is affirmed.

*Judgment affirmed.*