## McCoy v. Wilson.

1. There is no authority of law for issuing an execution pending an appeal.

2. While the issuing of an execution pending an appeal may be a void act, rendering the officer issuing the same liable in trespass, yet if the defendant elects to ratify the execution sale, and receive the benefit of the money realized therefrom, he cannot afterwards recover judgment for the full value of the property sold.

3. It must be presumed that objectionable testimony was assented to if no objection was offered to it on the trial. Parties are not entitled to object in this court for the first time on appeal that a defense relied upon was not available.

*Appeal from District Court of Clear Creek County.*

THE facts are stated in the opinion.

Messrs. WELLS, MACON and McNEAL and MORRISON and FILLIUS, for appellant.

Messrs. L. C. ROCKWELL, W. T. HUGHES and M. J. BRIGGS, for appellee.

BECK, C. J.   The appellant, McCoy, was judge of the county court of Clear Creek county in 1878, and also acted as clerk of said court.   In September of that year, in an action pending in his court, wherein one Hawthorne was plaintiff, and the appellee, Henry Wilson, and his brother, David R. Wilson, were defendants, a joint money judgment was entered against said defendants. David R. Wilson prayed and perfected an appeal to the supreme court, but the appellee, Henry, took no steps to reverse or avoid the judgment.   While the appeal was pending and undetermined, the said McCoy issued an execution upon the judgment against the property of Henry Wilson, and delivered it to the sheriff of said county to execute, who levied the same upon and sold the undivided half interest of said Henry in a planing-machine and steam-boiler.   The entire property was owned jointly by the Wilson brothers, and used by them in their busi-

ness.   David R. Wilson procured one Thompson to pur-
chase the property at the sheriff's sale, loaning him a
portion of the purchase money, and promising him to
take the property off his hands, and pay him interest on
the investment until he did so.   The property was never
removed from the planing-mill, nor does it appear that
the business was in any manner interrupted by the pro-
ceedings now complained of.   David R. Wilson procured
a conveyance to himself from Thompson, and, according
to his testimony, his brother, Henry, now pays him, as
owner of the entire title, the sum of $25 per.month as
rent for the use of the half interest which Henry for-
merly owned.   The money realized at the sheriff's sale
was applied upon the judgment, leaving only a small
portion thereof unsatisfied.   No further steps appear to
have been taken in the appeal proceeding, and the valid-
ity of the Hawthorne judgment would seem to have been
conceded by the Wilson brothers by their course in this
affair.

In regard to the act of McCoy there certainly was no
authority of law for the issue of the execution while the
appeal was pending, and had they chosen to do so, both
defendants might have treated the proceedings subse-
quent to judgment as utterly void.   The appeal by David
stayed all proceedings on the judgment, under section 356
of the code of 1877, then in force.   The brothers, how-
ever, chose to adopt a wholly different course.   David
procured a conveyance from Thompson, and thereupon
Henry acknowledged him to be owner of the full title
by paying him a monthly sum for the use of the half
interest formerly owned by him.   Henry brought this
suit to recover from the judge, McCoy, and the sheriff,
Watts, damages for the taking and selling his property.
He dismissed the action as to the sheriff, and recovered
a judgment against McCoy for the full value of his in-
terest in the property.   This is the judgment we are asked
to review.

The principal error relied on was giving to the jury the following instruction for the plaintiff, exception to which was duly reserved:

" Whoever issued the execution is liable to 'Henry Wilson for the value of his property with ten per cent. interest from December 18, 1878, the date of the levy, to the present time; unless, from the evidence, you believe that Henry Wilson was the real purchaser at the sale. And if you believe that he was the real purchaser through Thompson at the sale, then, and in that case, Wilson is only entitled to recover the amount of the bid at the sale, which is shown to have been $425 with interest as above stated."

We are of opinion the above instruction does not lay down the correct rule of damages upon either hypothesis covered by it.

So far as the Hawthorne judgment is concerned, it must be regarded in this case as a valid judgment. No proof was offered showing any reversal or modification of it. True, Henry Wilson interposed a replication to the answer of the sheriff, to the effect that he was never served with process, and neither appeared nor authorized any appearance for him, but offered no proof in support of such allegations, and, as we have seen, its validity was tacitly admitted, after the issuing of the execution, by both of the Wilsons — one by having the property bid in for him, and the other, Henry, by ratifying the sale and receiving the benefit of its proceeds. He stands before us as acquiescing in all proceedings, regular and irregular, until the proceeds of the irregular sale were applied upon his indebtedness to Hawthorne, when he brought this suit for the value of his whole interest in, the property sold, and recovered a judgment therefor,. including interest thereon from time of the levy. He· testified that the whole property was worth $1,500, and. his judgment against McCoy was $900. This was more than he was legally entitled to under the circumstances..

While the issuing of the execution was a void act, and rendered McCoy liable in trespass, Henry Wilson having elected to ratify the execution sale, as he must be held to have done by his conduct, and having received the benefit of the money realized by the sale, he is only entitled to recover the difference between the real value of his property and the amount for which it was sold upon the execution, no special damages having been proven. He cannot accept the benefits realized by the sale and recover a judgment also for the full value of the property sold. This is precisely the effect of the present judgment. The plaintiff made no effort to quash the execution, to restrain or set aside the sale, or to recover the property itself. Having apparently acquiesced throughout, his only loss, as shown by the record, is that accruing by reason of the property having been sold below its value. His own estimate of the value of his property was $750. It sold for $425; the difference between these sums with legal interest would be the highest sum to which he would be entitled under the proof.

On the part of McCoy, there was an effort to prove that Henry Wilson was the real purchaser at the sheriff's sale. The proof does not sustain this charge, but if it should be sustained upon another trial, the plaintiff would then only be entitled to recover nominal damages, together with such special damages as he might prove.

It is argued, on part of the appellee, that none of the testimony above stated should be considered applicable to the case of McCoy, since he filed no plea of justification.

In answer to this we have only to remark that the trial below was a joint trial as to both defendants, McCoy and Watts, and no objection was made on the trial or exception taken concerning the point now raised; also that, after the testimony was in upon both sides, the suit was dismissed as to Watts, and the cause then submitted to the jury as to McCoy upon the entire testimony. No

motion was made to strike out or exclude any of the evidence, and no instruction was asked to disregard any testimony that had been introduced. It is presumed that objectionable testimony was assented to, if no objection was offered to it on the trial.

It is a general rule that the supreme court will not review any questions except such as appear to have been raised in the court below; and this rule applies with peculiar propriety to questions of variance, which, if raised in the trial court, can generally be removed, either by further proof or by amendment.

Parties are not entitled to object in an appellate court, for the first time, that a defense relied upon was not available. Wells' Questions of Law and Fact, sections 685–687 and authorities cited.

The judgment is reversed and cause remanded.

*Reversed.*