McDERMOTT ET AL., APPELLANTS, v. GRIMM, APPELLEE.

1. PLEADING—NONPERFORMANCE AND WAIVER.
Waiver of performance must be pleaded in an action on a contract, otherwise proof of waiver of nonperformance will not be admissible.
2. PRACTICE—VARIANCE.
An objection on the ground of a variance of the proofs from the allegations must be taken at the trial, or it cannot be considered on appeal.
3. ESTOPPEL.
A party who knew while the work was progressing that it was not being done according to agreement, but suffered it to proceed until completion without objection, will not be heard to say that the terms of the contract were not observed.

4. Allegations and Proof.

An allegation of acts done, or knowledge obtained by a party is satisfied by proof of such acts or such knowledge by his agent.

*Appeal from the District Court of Arapahoe County.*

Messrs. Reddin & O'Hanlon, and Mr. Sam. B. Berry, for appellants.

Messrs. Teller, Orahood & Morgan, for appellee.

Thomson, J., delivered the opinion of the court.

Appellants were plaintiffs below. Their complaint avers that as copartners they entered into a contract in writing, whereby they agreed to build for the defendant foundation walls and five piers of granite stone upon defendant's premises, according to plans, for which work, when completed, defendant agreed to pay them the sum of $1,803.40 ; and that they, thereupon, in accordance with, and pursuant to, the contract and the plans, built the wall and piers, furnishing the labor and materials for the purpose ; and built a concrete foundation under the wall, three feet six inches wide, and nine inches thick; and that the entire work, when completed, was accepted by the defendant. The plaintiffs also allege certain extra work, done at the request of defendant through her agent, Henry Grimm, making the aggregate for the entire work $2,051.15, which the plaintiffs aver is unpaid, except $700 in cash, and $40.31, allowed for certain omissions in the work, claimed by the defendant.

The answer admits the contract, but denies the completion of the work pursuant to its terms ; denies the performance of the extra work ; denies the acceptance of the foundation by the defendant ; denies the allowance of $40.31 for omissions ; and, by way of counterclaim, sets up the contract and the plans, avers deviation from the plans in important particulars, and a general failure of plaintiffs to comply with their contract, to the serious detriment of the defendant ; admits

the payment of $700, but avers it was made without knowledge of plaintiffs' failure of compliance, and demands damages for the violation of the contract.

The replication denies the counterclaim, except as to the contract, avers that the defendant claimed a variance in some particulars from the contract, denies that there was such variance, but states that, for the purpose of satisfying the defendant, plaintiffs consented to, and did, allow and credit on their claim $40.31 on account of the alleged variance, and that upon such allowance and credit the work was accepted by the defendant. This is substantially the case made by the pleadings. The defendant had verdict and judgment for one dollar.

The plans, and the specifications accompanying them, were in evidence; but they are not in the record, so that we are in ignorance of what they contained; it sufficiently appears, however, from the evidence preserved, that the work was not done in conformity with the contract. The plans seem to have provided for the concrete foundation with which the walls were underlaid. This foundation was to have been three feet six inches in width, and either nine or ten inches —it does not very clearly appear which—in thickness. That it was not of the uniform thickness of nine inches is shown by the testimony on both sides. Plaintiffs claimed that in the center it was of the requisite thickness, but admitted that at the edges it fell materially short of the requirements. According to the testimony of the plaintiff Robertson, the foundation walls, at the rear, lacked about three and one half inches of the requisite height, and were therefore out of level to that extent. The deficiencies shown in the evidence for defendant are much more serious in their character and degree, but for our purpose specific mention of what plaintiffs admit is all that is necessary. Upon the foundation walls, in this condition, a three story brick superstructure was erected, at a cost of about $20,000; the defendant claiming that until after this erection she had no knowledge of the defects in the concrete

and foundation walls. Plaintiffs undertook to prove that she knew of them while the work was being done.

This action is brought upon the contract. A literal compliance with its terms is alleged, and upon such compliance the right to recover is based. The allegations are not sustained by the proofs. An averment of performance is not supported by proof of waiver of performance, even conceding that proof of such waiver was made. That, in case of want of performance, a waiver of such performance may cut a very important figure in determining the rights of the parties is not disputed; but the facts of nonperformance and of waiver must be pleaded, otherwise the proof is not admissible. Had this rule been insisted upon at the trial, it is clear that the case of plaintiffs failed upon their own testimony. *Purdee v. Noffsinger*, 15 Ind. 386; *Elliott v. Caldwell*, 43 Minn. 357; *Britton v. Turner*, 6 N. H. 481; Pom. Rem. and Rem. Rights, § 554.

Ordinarily, therefore, we should consider the plaintiffs' case disposed of, and bestow upon it no further remark; investigating only the correctness of the judgment for damages against them. But the objection that the proofs varied from the allegations was not taken at the trial; nor, for that matter, is it taken here. The case was tried upon the theory that a knowledge by defendant of the defective construction of the foundation and walls, at the time they were constructed, without objection to them on account of the defects, might preclude her from insisting upon the failure of plaintiffs in the performance of their contract; and instructions were given to the jury, without objection from defendant, which contemplated a verdict in plaintiffs' favor, notwithstanding their failure to comply with the terms of the contract, if the jury should believe from the evidence that the work was accepted by the defendant with knowledge of such failure. We are bound to treat the case as the parties themselves have done, and to consider it as if the statements in the complaint would warrant a recovery upon proof of waiver of performance. The objection of variance must be taken at the trial;

otherwise it cannot be considered on appeal.   Pom. Rem. and Rem. Rights, § 555.

There is no doubt that the abstract legal proposition, embraced in the instructions referred to, is correct.   If the defendant knew, while the work was progressing, that it was not being done in accordance with the agreement, but nevertheless suffered it to proceed to completion without objection, she will not now be heard to say that the terms of the contract were not observed, and that the plaintiffs shall therefore have nothing.   Such conduct on her part would amount to a waiver of the defects of which she knew, and the plaintiffs would be entitled to judgment for the value of the work actually done, and as it was done, estimated with reference to the contract price.   It does not appear that she personally knew anything about the work while it was being done; but there is evidence tending to show that her husband, Mr. Grimm, excavated the trench for the concrete, was constantly present while the concrete was being laid, and the foundation walls built, overseeing the work, and had actual knowledge at the time of the very defects complained of.   Counsel for plaintiffs asked the defendant, who was on the stand as their witness, this question: "Did he (Mr. Grimm) ever act for you in any way concerning this contract, or any part of this work?" To this question defendant's counsel objected because there was no allegation of agency in the complaint.   The objection was sustained.   Plaintiffs then asked leave to amend by inserting an allegation of agency, which leave was refused.   If such allegation were necessary, the amendment should have been permitted.   But we do not think it was necessary.   The question was evidently preliminary to others, which would probably have brought into light the exact relations sustained by Mr. Grimm to the defendant in connection with the work. If he was her agent for the purpose of overseeing the work and observing that it was properly done, then any knowledge which he acquired while in the performance of the duties intrusted to him, as to the manner in which the work was done, was her knowledge.

The acts of an agent, done within the scope of his authority, are as essentially the acts of the principal as if they had been done by the principal himself; so of an agent's knowledge of matters affecting his principal's business, acquired in the transaction of that business. An allegation therefore of acts done, or knowledge obtained, by the principal, is fully satisfied by proof of such acts, or such knowledge, on the part of the agent; and in a complaint it is unnecessary to set forth the agency.

The only objection to the question was that the agency was not pleaded. As to any matter connected with the supposed waiver of defects, this is true; and neither was anything pleaded which would authorize evidence of waiver by the defendant herself, or which would authorize a recovery against her upon any other terms than full compliance with the contract; but as, by the tacit consent of the parties, and of the court, the rules in relation to allegation and proof were disregarded at the trial, the court should have permitted the question to be answered. It might not have resulted in anything beneficial to the plaintiffs, but if it had, then the evidence of what Mr. Grimm did and knew was pertinent, and the question of waiver could have been intelligently passed upon by the jury.

Unless the defendant accepted the work in such manner as to shut her off from the defense of want of compliance with the contract, we are unable to see how under the facts of this case there can be any recovery by the plaintiffs; but as this question is not directly before us we shall not bind ourselves by the expression of a positive opinion concerning it.

Because of the error in sustaining the objection of which we have spoken, the judgment must be reversed.

*Reversed.*