## COE ET AL. v. WATERS.

1. APPELLATE PRACTICE.
A judgment will not be reversed for an error which has worked no substantial injury.

2. SAME.
Where the whole charge to the jury upon the only issue of fact was a correct statement of the law, fairly submitting the issue to the jury, and substantial justice has been done between the parties, the judgment will not be reversed because some parts of the instructions standing alone may have been technically erroneous.

3. SAME—VARIANCE.
A variance between the allegations and proof is no longer fatal. Any error which does not affect the substantial rights of the parties is to be disregarded. Amendments to make the allegations conform to the proof are to be permitted subject to terms and conditions.

*Appeal from the District Court of Arapahoe County.*

Mr. EARL B. COE and Mr. S. L. CARPENTER, for appellants.

Messrs. NORLIN & McDUFFIE, for appellee.

BISSELL, J., delivered the opinion of the court.

This suit was originally brought in the county court of Arapahoe county by Mrs. Waters against Coe Bros., because of a transaction which she had with that firm. The case went by appeal to the district court, where it was again tried, and in both cases the judgment went against the appellants. The appeal, as argued by counsel, is based on one principal error concerning the form of the action and the method of trial, with some other collateral matters, which may be very briefly disposed of. Omitting whatever is unessential to an apprehension of the contention, the case is briefly this: Mrs. Waters was the owner and in possession of a restaurant, which she valued at about $1,200. The question of value is of no particular consequence. It was mortgaged for $350, and the notes which the security covered were due and unpaid. Mrs. Waters was unable to raise the money to liquidate the indebtedness, and went to Coe Bros., who were brokers and dealers in real estate and such securities, to make some arrangement for the disposition of the mortgaged property. At this time Coe Bros., according to their statements, held the notes for collection. Some interviews had been had between the parties with reference to the paper, which culminated in the transaction about which Mrs. Waters complains. At about the time of the interview with Coe Bros., one Fuller was a prospective purchaser of the restaurant and its fixtures, and he offered, according to her claim, to assume the incumbrance and to pay an additional consideration for the transfer. This was to be paid by a deed on certain property in Topeka, which Fuller owned. Mrs. Waters insists that she counseled with the Coe Bros. with reference to the expediency of this transaction, who

advised her to reject the offer, on the basis of a probability that they would be able to dispose of it, if it was placed in their hands, at a better figure. This was accordingly done, and she left the property with them for such trade or sale as they might be able to make. Shortly afterwards the Coe Bros. attempted to foreclose the mortgage on the property, and, in execution of their purpose, took possession of it, stating, as Mrs. Waters says, that they were unable to make any sale or other disposition of the property. Being otherwise unable to settle the claim which they held, she made no objections to the proceedings in foreclosure which they took. There is some little controversy about that, but it is of no moment. At all events, within a day or two of the time when they took possession under their security, Fuller went into control. He seems, according to the evidence, to have made the same identical trade with the Coe Bros. that he had offered to Mrs. Waters. In other words, he assumed the incumbrance, agreed to take care of the notes, took them up with his own paper, and deeded to one of the firm the property in Topeka. When Mrs. Waters learned of this, she insisted on some adjustment with the firm, and that their conduct was in bad faith and in derogation of her rights and in violation of their obligations as her agents, which position they had assumed in the matter. The case has been stated according to Mrs. Waters' contention, though none of the facts essential to her recovery were admitted, but were strenuously denied by the parties who were connected with it. Since the case has been twice tried, and once by a jury, and on both occasions the findings were adverse to the appellants, we must assume the plaintiff's case to have been made out and those facts as to which she offered evidence, which were essential to her recovery, to have been sufficiently established by proof. Bringing her suit on this basis, she stated the case generally in her complaint and originally prayed for the recovery of what she alleged to be the value of the property, to wit, $1,200, and also to compel the Coe Bros. to deed to her the Topeka lots. In other words, her prayer was in the

alternative, and would seem to be for equitable relief. In the county court, however, the latter part of the prayer was eliminated, and she sought to recover only what would be damages for the injury. The appellants contended the action to be one in equity, objected to the calling of the jury and the submission of the issue to them for a verdict. It was insisted the court had no power to submit the cause generally, but, while it had a right to impanel a jury to try any question of fact, it was powerless to call for a general verdict, or to do otherwise than take it as advisory, and render thereon such judgment as the court should conclude was proper.

Possibly the complaint is somewhat inartistic, and in its form and allegations lends some support to the appellants' contention. We do not, however, concede that the facts as stated or the case as made was one which of necessity was equitable in its character. In other words, the plaintiff possibly had the right to bring her action and treat the transaction as having been done in her favor and on her behalf, to affirm it and compel the Coe Bros. to account for the value of the property or invest her with the title. The complaint was not aptly conceived for this purpose, nor was it the evident design of the pleader. In reality the action took the form of one for deceit, and a recovery was had for the alleged fraudulent character of the Coe Bros.' acts while they were attempting to discharge for Mrs. Waters the duties of an agent in the premises. It therefore follows the court was not in error in submitting the question to the jury and permitting them to return a general verdict in the premises. The case of *Hulley v. Chedic*, 36 Pac. Rep. 783, from Nevada, which is so largely relied on by appellants' counsel, is inapplicable to the present case, and we do not intend to express an opinion as to the rule which that court has declared. It was undoubtedly there held that where the action is one of purely equitable cognizance, the court cannot submit the issues to a jury, take a verdict and render judgment as in a law action. The case, however, was purely an equi-

table one, for it was an attempt to follow money which had been paid by a debtor who was garnisheed to a third person, to whom a judgment had been assigned with an intent on the part of the assignor to defraud his creditors. The court held that garnishment created no lien on the money, but, to follow it into the hands of the person who had received it, the party must establish the alleged fraud, attack the transfer, and by decree compel the assignee to pay over the money which the creditor had attempted to reach by his garnishment proceedings. Of course, in a case of this description, an action at law would not lie against the assignee, nor could a money judgment be properly entered against her. There is no analogy between the two cases. It was based on what was alleged to be a fraud or wrong done by the agents in the transaction of the business of their principal, whereby injury came to the principal, for which an action would lie. In a case of this sort, not only could a money judgment be had, but it could properly be enforced if the verdict should be found against the wrongdoers. Whether, in any suit under our system of practice, this would be a substantial error requiring the reversal of the case, is a question of some gravity. Our supreme court, in one of the cases which will be hereafter cited, has gone to a very considerable length in the application of the statute which forbids the appellate courts to reverse a case where the error complained of has worked no substantial injury to the parties. We do not decide whether the case is absolutely within the scope of the decisions, but it certainly approaches it. The entry of the judgment might be taken to be the conclusion of the court on the facts, since it was necessarily entered after a motion for a new trial had been overruled. The other conclusion, however, is so entirely satisfactory, we do not attempt to protect the judgment by the application of what is usually found to be a very satisfactory rule.

There are several other errors assigned and argued in the brief, based principally on the instructions. The objections to the charge were with reference to two paragraphs of it.

These are probably sufficiently definite to be the basis of assignments of error, but they are so completely separated from the balance of the charge that we are quite able to say the appellants were not harmed by them. They may be in some respects technically erroneous, and they may have been given respecting some matters which could well have been taken away from the consideration of the jury. In the main, however, the charge was entirely correct, and on the principal and only question, to wit, the good faith of the Coe Bros., was a fair statement of the law, and left this issue to the jury. Errors of this description have been repeatedly adjudged insufficient to reverse a judgment, if the verdict of the jury is accepted, and the case has been fairly tried and substantial justice has been thereby done between the parties. We are unable to conclude otherwise, and consider the case fairly within the scope of this principle. *Patrick Red Sandstone Co. v. Skoman*, 1 Colo. App. 323 ; *Salazar v. Taylor*, 18 Colo. 538 ; *Williams v. Williams*, 20 Colo. 51.

These considerations dispose of all the matters which are presented to our attention, and, finding nothing in the record to warrant any other result, we affirm the judgment.

*Affirmed.*

### ON PETITION FOR REHEARING.

PER CURIAM. This petition for rehearing deals principally with a proposition to which no particular attention was given in the original opinion. It·was disregarded because it was deemed of slight importance, and little reliance seemed to have been placed on it in the argument. It is totally unnecessary for us to give it the attention requisite to a full expression of our views on the subject, and we shall only briefly state them. There is no need for a controversy between the court and counsel respecting the impossibility to bring certain classes of actions in particular cases which are used as illustrative of the argument. It is quite true, as a general proposition, the plaintiff is bound to state in his complaint the cause of action which he attempts to prove, and his

proof must correspond with his allegations. While this is conceded to be the law, we cannot admit the result which the argument suggests. A variance at the common law was undoubtedly fatal, and advantage might be taken of it by way of demurrer or by motion in arrest of judgment, and it made very little difference whether the variance was complete or simply extended to some material matter involved in the action. Under our code, by virtue of section 78, this rule is entirely abrogated. The court is bound to disregard any error and defect in the proceedings which does not affect the substantial rights of the parties, and, wherever there may be a variance between the allegations and the proof, a specific remedy is provided. The court is bound to permit amendments of the allegations, to make them correspond with the proof, subject, of course, to the provision which will protect the rights of the complaining party. It is equally true, when the case comes to this court by appeal, we are bound to disregard any defect in the pleadings if in our judgment the substantial rights of the parties remain unaffected. The fundamental difficulty, of course, rests in the difference between the court and counsel respecting the nature of the action which the plaintiff brought.

The astute counsel has always insisted the action was equitable as contradistinguished from a legal one. We were impelled to differ with him, and we still adhere to our conclusion as expressed. When this stumbling block is removed, it deprives the appellants' case of any substantial merit. During the progress of the trial the defendant interposed no objections to the introduction of the testimony, but, on the conclusion of the plaintiff's proof, moved to strike it out because it was variant from the case as laid. When the legal character of the action is once conceded, that motion was manifestly not sufficient to preserve the question in the record, if it is a question on which he has a right to insist. Doubtless, if the defendant had been surprised by the testimony, and a totally different case had been made from that which he was called upon to answer, he would have been en-

titled to a continuance. He might likewise, perhaps, in the present instance, have compelled an amendment of the complaint so as to have presented a legally accurate statement of the plaintiff's action. Taking no steps in either one of these directions, we do not regard the question of variance as so saved in the record as to call for a specific judgment respecting it. While we concede the complaint is not so drafted as to present with technical accuracy the cause of action which was, according to the verdict of the jury, sustained by the proof, it did contain all the allegations requisite to the plaintiff's recovery. The action may not have been by the court designated with extreme accuracy when it was called an action for deceit. It is useless to quarrel about terms, for what the court intended to express was the idea that the transaction between the parties having occasioned damage to the plaintiff and being done in wrong of her rights, entitled her to maintain suit for whatever damages she might be able to demonstrate by her testimony. She undoubtedly had either one of two remedies. She might have brought an action to compel the defendants to convey the Topeka property, or she might have brought an action for the damages occasioned by their wrongdoing, and their measure would be of necessity the value of this property as it might be established. The case was tried on the latter hypothesis, the verdict establishes the acts of the appellants to have been wrongful, and the jury have fixed the value of the property by their verdict. While we are very frank to say our conclusion on the testimony as presented by the record might not harmonize with the conclusions at which the jury arrived, we regard ourselves as concluded by their verdict and without the right to disturb the judgment because it is against the evidence. Since we accept the result and the facts as they are thus exhibited in concrete form, we are unable to see that any error has been committed which substantially affects the rights of the parties. We therefore conclude the rehearing must be denied and the judgment affirmed according to the original opinion.

*Rehearing denied.*