Bissell, P. J.
The failure of the city of Denver to maintain in a reason *158 ably safe condition for the purposes of public travel the Sixteenth street viaduct, occasioned the accident which is the subject-matter of the present suit. There is no controversy respecting the character of the street, and it is conceded that the viaduct was lawfully constructed by the city and maintained as a part of the highway. It ran over the Platte river and over the tracks with which the bottoms bordering on that river are filled. This with others furnished practically the only safe mode of crossing between Denver and Highlands and over the great network of tracks. The viaduct is several hundred feet long, resting on pillars and a framework of wood and iron, and the roadway was made of two layers of planking of varying thickness laid on stringers. Sixteenth street is one of the most widely traveled streets in the city, and according to the record and our own observation, this viaduct is one of the principal traveled ways between these two parts of Denver. In May, 1896, Baldasari, who was a peddler, was driving a single horse and wagon over the way to the city in the transaction of his ordinary business. He was rightfully there and properly pursuing his even way. At some point on the viaduct, which cannot be distinctly designated by words, his horse stepped into a hole in the viaduct, caught one of his hind feet, lunged as a horse naturally would when his foot was caught, jumped towards the sidewalk, overturned the buggy, threw Baldasari out, started to run, dragged him a short ways, and he was thereby severely hurt. It would be idle to state the nature of his injuries or their extent; it is enough to say they were regularly and sufficiently alleged, and he laid his ad damnum, at $10,100. The case went to trial, was submitted to a jury and he had a verdict for $900. Judgment was entered and therefrom the city prosecutes an appeal. The case was not argued by the counsel who tried it, nor by those who prepared the briefs. Because of various political changes different counsel represent the city, and we are quite at liberty to disregard the major portion of the printed argument, and simply respond to the suggestions made by the present representatives on the *159 oral argument. They somewhat follow along the same lines, but the greater weight was put by the counsel on certain propositions which we shall consider. The case is so signally free from error, that we need do little more than dispose of one or two propositions to determine the whole case.
The principal stress is laid on the point that the complaint fails to state a cause of action, in that it did not directly, or otherwise than by inference, allege that the accident resulted from the catching of the horse’s foot in a hole in the viaduct. The city’s representative has built up a strong argument on several cases which hold it necessary to directly charge that the injury came from an accident which was occasioned by the defect complained of. We are quite ready to concede this to be th¿ law and the rule of pleading, and had the complaint been demurred to, it would possibly have been error not to sustain the demurrer and compel an amendment. However this may be, we do not believe the complaint is so radically defective that we are at liberty to regard it as wholly failing to state a cause of action .and apply the rule which permits this suggestion for the first time in the appellate tribunal. The case was tried without objection on issue joined, and the evidence proving the accident was introduced without objection, and since the plaintiff was permitted to prove his case, and we can see that what was charged in the complaint was really the accident which was established by his proof, we do not believe the case should be reversed because of the inartificiality of the pleading. The pleading was not wholly bad, nor did it entirely fail to state a cause of action. It states enough to permit the inference that the accident resulted from a defect in the viaduct, and when without objection this was followed by proof on which a verdict was rendered, we are not at liberty to disturb the judgment.
The next proposition on which the city seems to rely is, the alleged variance between the proof and the defect charged. In the complaint it was averred there was a hole in the viaduct in which the horse caught his foot which occasioned the runaway and caused the injury. The proof shows that it *160 was probably true in one sense that there was no hole in the viaduct. At any rate, it was not proven that there was a hole through both series of planks. It clearly enough appears there was a hole in the upper one in which the horse caught his foot, but it is quite possible the break did not run through the lower layer of plank. Counsel argues that this was not a hole in the sense in which that term is usually understood. We are quite indifferent to the discussion, nor do we regard it as material, whether this was literally true or not; in the general acceptation of the term, it was a hole in the flooring of greater or less depth. Where the planking on a bridge is four inches thick, there might be a hole three inches deep which would catch a horse’s foot, and yet it might not be a hole in the sense of a hole in a grindstone to put a crank through to turn it. We can conceive of a hole open at one end and with a bottom to it. We regard the criticism as entirely hypercritical when it follows a trial and a verdict. The supreme court so treated it in the case of The Denver So. Park & Pac. Ry. v. Conway, 8 Colo. 1. In that case it was charged that the fire was occasioned by reason of a defective flue; it was proven there was no flue at all; that there was simply a hole in the roof through which the pipe ran which set fire to the roof, because there was no flue nor a thimble which corresponds to a flue. The supreme court did not regard that as a fatal variance and it ought not to be regarded as fatal in this case, because the city made no objection on that ground, did not seek to take advantage of it, compel an amendment of the pleading and a continuance because of the difference between the accident as charged in the complaint and as proven by the witnesses.
The next proposition we shall not attempt to wholly state because it would unduly extend the opinion to recite all the various instructions of which the city complains. The chief basis for their argument is that the court charged the jury, it was the city’s duty to keep the viaduct in a reasonably safe condition. It is true, as counsel contends, that the city is only bound to use reasonable care to keep its streets in safe *161 condition. We concede the law, and it was so given to the jury at the city’s request, and the jury was therefore not tin-advised respecting the" rule, as the city now contends it to be. We do not believe the court erred in giving the instruction in the form in which it did. A similar instruction has been approved by both of the appellate courts. In a case against the city the supreme court approved an instruction lyhich charged the jury that it was the duty of the city to maintain the whole of the sidewalk at a point where the accident happened in a reasonably safe condition for public travel, and that the public had a right to use the whole of the walk, and the right to assume that the whole of it was reasonably safe for public travel. City of Denver v. Stein, 25 Colo. 125; City of Denver v. Aaron, 6 Colo. App. 232.
Even if we concede it would have been wiser to leave it out, yet when the supreme court says- it is not error to give a charge of that sort in regard to a sidewalk, we are not at liberty to hold it error to give it. Even if the rule had not been upheld by the supreme court, it so fully accords with our judgment of the duty of the city under the present circumstances, that we should have ultimately declared it, if we had had no precedent for the purpose. It must be remembered this is not a highway in one sense, while in another it is. The accident happened on a viaduct which is a structure in the air on supports, which may run over a draw, gulch, river or an arroya, and for the convenience of public travel in communicating between two points. While it is a part of the highway, it is an independent structure put there for convenience and safety and for the use of the people. Where a city buiids a viaduct for such purposes, it assumes the same obligation that.it does when it constructs a bridge and maintains it for public travel; it is bound to keep the bridge in a reasonably safe condition for the use of the public; it is bound to keep the floor of it in that condition from end to end, and when a man drives onto one end of it to go to the other, he has a right to assume that the whole way, whether over the bridge or over the viaduct, is in a reasonably safe condition for his *162 use and travel. It clearly appears that this was a much traveled way, used by a large number of people, and it was quite competent and legitimate for the plaintiff to show the general condition of the structure that therefrom the jury might determine whether it was kept in the condition required by the law, and whether presumably the city had notice of defects in it, if there was no proof that the city had knowledge of this defect, or of the particular hole into which the plaintiff’s horse fell, or in which he caught his foot. The evidence seems to have gone in without objection and so far as we can see was entirely legitimate and proper.
Another point on which the city relies regards the permanent injury sustained by the plaintiff to which he testified. We do not conclude the point to be well taken, because even though the complaint did not aptly charge it, it does substantially aver a permanent injury and the sufficiency of the complaint in that respect was not challenged by demurrer, but the proof was received without objection, and when it is followed by a verdict in a sum which is evidently not unreasonable, we do not think the judgment ought to be disturbed.
We have considered the various points which were urged at the argument and the principal ones suggested in the briefs, and having disposed of all these errors which could in any event be regarded as material, adversely to the city’s contention, we must necessarily affirm the judgment which is accordingly done.

Affirmed.