[No. 5103.]
[No. 2681 C. A.]

TEW v. POWAR.

1. **Practice in Civil Actions—Water and Water Rights—Injunctions—Consistent Findings.**

In an action to enjoin the defendant from interfering with an irrigation ditch, on the ground that plaintiff had a prescriptive right to maintain such ditch across the farmer's land, a finding that there was no such prescriptive right is not necessarily inconsistent with a finding that plaintiff had the right to maintain such ditch during that particular irrigation season.—P. 297.

2. **Appellate Practice—Variance Between Pleadings and Findings—Failure to Object Below.**

Although it is apparent from the record on appeal that there is a variance between the pleadings and the findings, in the absence of a showing that the attention of the trial court was called thereto in apt time or manner, the appellate court will presume that the appellant consented that the issues presented by the evidence might be determined by the trial court, and thereby waived his right to urge the objection here.—P. 298.

*Appeal from the District Court of Logan County.*
*Hon. E. E. Armour, Judge.*

Action by H. B. Powar against William Tew. From a judgment awarding a temporary injunction, defendant appeals.          *Affirmed.*

Messrs. BUTLER & HAYES, for appellant.

Mr. GEORGE E. McCONLEY, for appellee.

Mr. JUSTICE MAXWELL delivered the opinoin of the court:

Plaintiff below, appellee here, claimed a prescriptive right to the use of a lateral ditch for irrigating purposes across the land of defendant, appellant here, and prayed a temporary writ of injunction restraining defendant from interfering with plaintiff's right to enter upon the land of defendant to repair, maintain and use the lateral, and that the temporary writ, upon final hearing, be made perpetual.

The temporary writ was granted.

The answer joined issue upon the material allegations of the complaint and averred special matters in defense, which were met by a reply.

October 19, 1901, a decree was rendered which in substance found the issues in favor of defendant, dissolved the temporary injunction, refused the perpetual injunction and dismissed the action at the costs of plaintiff; November 8, 1901, the court of its own motion issued a stay of execution until further order of the court; November 18, 1901, the court rendered a decree based upon findings, denying, however, the perpetual injunction prayed. Material parts of the finding and decree are:

"The court finds from the evidence, in addition to the findings of the jury, that this action was instituted during the irrigating season, at which time the use of said lateral was imperatively necessary for the irrigation of plaintiff's crops. That, for some time prior to the interference with the improvement and use of said lateral by the plaintiff, the defendant had acquiesced in its use by him and had also used the same jointly with plaintiff. That the

temporary injunction issued against the defendant
for interfering with the plaintiff in the improvement,
use and enjoyment of said lateral at the time when
said injunction was issued was warranted, as the
court finds by the facts, and was necessary to protect
plaintiff in the rightful use of said lateral for and
during the irrigating season of 1900, and pending
the final hearing of this cause."

"The court finds that the plaintiff was war-
ranted in suing out said injunction to protect him
in the use and enjoyment of said lateral for irrigat-
ing his crops during the irrigating season named, and
pending the final hearing of this cause, but not for
the purpose of enforcing a perpetual right to the
use thereof, the plaintiff's claim to a prescriptive
right having failed."

"It is further considered by the court, and so
adjudged and decreed, that inasmuch as the tem-
porary injunction was rightfully sued out, that jus-
tice requires a division of the costs herein; and that,
therefore, the defendant have judgment for his costs
laid out and expended, except those directly occa-
sioned by the suing out of the temporary injunction
aforesaid, and that the costs in said cause be taxed
accordingly. The costs hereby adjudged against the
defendant shall consist of those occasioned by the
issuance of the injunctive writ, and order therefor,
and service thereof, and for such other matters as
are properly taxable to that branch of the case, not
including any witness fees."

"It is further considered by the court, and so
adjudged and decreed, that the defendant and all
persons claiming by, through or under him, his em-
ployees, agents and others, desist and refrain from
in any manner interfering with, impairing or ob-
structing the lateral in controversy in this cause,
located on the land of defendant, for the period of

ninety days from the filing of this decree, to the end that the plaintiff, his grantors, his legal representatives, or assigns, may have opportunity to institute condemnation proceedings, if so advised, for a right of way across defendant's land along the course of said lateral, and have the same remain intact for use the coming irrigation season, in the event that such right of way be awarded.''

Appellant insists that the sole issue presented by the pleadings was the prescriptive right of plaintiff to the lateral in controversy; that the court in both decrees having found that plaintiff had failed to establish a prescriptive right to the lateral, was not entitled to a perpetual injunction and so decreed, and therefore, that portion of the second decree to the effect that the temporary injunction was rightly granted was not within the issue presented by the pleadings, hence cannot be sustained.

Appellee practically concedes that the sole issue presented by the pleadings was the alleged prescriptive right to the use of the lateral in controversy, but contends, that the evidence adduced at the trial warranted the court in sustaining the issuance of the temporary writ; that this court is precluded by the findings of the trial court; that at most there was a variance between the evidence adduced and the issues presented by the pleadings, which not having been called to the attention of the court below cannot be urged here for a reversal of the judgment.

The proceedings at the trial and the evidence adduced are not before us; there is nothing in the record before us to indicate that appellant at any time or in any manner objected to the evidence introduced or called the attention of the court to any variance between the issues presented by the pleadings and the evidence introduced.

In *McCoy v. Wilson,* 8 Colo. 335, 339, it was said:

"It is a general rule that the supreme court will not review any questions except such as appear to have been raised in the court below; and this rule applies with peculiar propriety to questions of variance, which, if raised in the trial court, can generally be removed, either by further proof or by amendment."

In *Coe v. Waters,* 7 Colo. App. 203, 208, it was said:

"It is quite true, as a general proposition, the plaintiff is bound to state in his complaint the cause of action which he attempts to prove, and his proof must correspond with his allegations.    *    *    *    A variance at the common law was undoubtedly fatal, and advantage might be taken of it by way of demurrer or by motion in arrest of judgment, and it made very little difference whether the variance was complete or simply extended to some material matter involved in the action.  Under our code, by virtue of section 78 this rule is entirely abrogated.  The court is bound to disregard any error and defect in the proceedings which does not affect the substantial rights of the parties, and, wherever there may be a variance between the allegations and the proof, a specific remedy is provided.  The court is bound to permit amendments of the allegations, to make them correspond with the proof, subject of course, to the provision which will protect the rights of the complaining party."

In *Hume v. Robinson,* 23 Colo. 359, 361, Mr. Justice Goddard, after stating the doctrine found in *Jones v. Davenport,* 44 N. J. Eq. 33,—"The principle is authoritatively settled, that a decree or judgment, on a matter outside of the issue raised by the

pleadings, is a nullity, and is nowhere entitled to the least respect as a judicial sentence,"—said:

"The only exception to be noted to this doctrine is where the defendant appears and takes part in the actual litigation of the matter determined; in which event he will be bound by the judgment, although outside of matters put in issue by the pleadings."

The appellate courts of this state have uniformly held that the objection of variance must be taken at the trial, otherwise it will be held to have been waived and will not be considered on appeal.—*McDermott v. Grimm,* 4 Colo. App. 39, 42; *City of Denver v. Strobridge,* 19 Colo. 435, 439; *D. S. P. & P. R. R. Co. v. Conway,* 8 Colo. 1; *City of Denver v. Baldasari,* 15 Colo. App. 157.

The portion of the decree objected to by appellant was based upon the findings of the court, above set forth.

Appellant makes no point that the evidence adduced at the trial was not sufficient to warrant the above findings of the court, and does not contend that the portion of the decree objected to is not based upon and does not follow such findings.

It is insisted, however, by appellant that the above findings and that portion of the decree based thereon are inconsistent with and contrary to other findings of the court and other portions of the decree.

This contention, it seems to us, is based upon a misconception of the law and the facts.

It is possible that evidence was introduced at the trial to the effect that defendant, by contract or conduct, was estopped to deny plaintiff's right to the use of the lateral for the period of time covered by the findings of the court to that effect.

Such right would be entirely consistent with a finding denying a prescriptive right.

The findings of the court must be taken in their entirety, and when so taken and considered we do not believe that there is any inconsistency in the findings above quoted and the other findings of the court, and that such findings are a sufficient foundation for the decree of the court.

It is apparent, however, that the findings quoted are a departure and variance from the issue presented by the pleadings; but, as before stated, there is nothing in the record before us to indicate that appellant, in apt time or manner, called the attention of the court to such departure or variance, and we must conclude that he consented that the issues presented by the evidence might be determined by the court, and thereby waived his right to urge the objection relied upon here.

The judgment will be affirmed.        *Affirmed.*

Chief Justice Gabbert and Mr. Justice Gunter concurring.        _____