[No. 1755.]

VENNER v. THE DENVER UNION WATER COMPANY.

1. APPELLATE PRACTICE—PARTIES.

Where a judgment is rendered against two or more persons any one of them may appeal and if necessary may use the names of the others, but where only one party has any real interest affected by the judgment and the others are merely trustees to whom it is a matter of indifference what judgment is rendered, on appeal by the interested party, it is not necessary to join or use the names of the others.

2. JUDGMENTS—FORECLOSURE PROCEEDINGS—JURISDICTION—COLLATERAL ATTACK.

A deed in a foreclosure proceeding is dependent upon the decree for its validity and where the record shows that the court was without jurisdiction to render the decree, the decree and all subsequent proceedings which derive their authority from the decree are void and may be collaterally attacked.

3. SAME.

In a foreclosure proceeding the court has no jurisdiction to order the sale of property not mentioned in the complaint and not included in the mortgage sought to be foreclosed and the decree is void so far as it affects such property.

4. SUMMONS—FOREIGN CORPORATIONS—RETURN.

Service of summons upon a foreign corporation can only be made by delivering a copy of the writ to an agent of the corporation found in the county in which the action is brought, or to a stockholder in that county if no such agent shall be found. Under no condition can service of summons be made upon the vice president of a foreign corporation. If service is made upon a stockholder the return

must not only show that the copy was delivered to a stockholder but it must also show that no agent of the corporation could be found in the county.

5. SAME—EVIDENCE.

Where in a foreclosure proceeding return of summons showed that service was made upon the vice president of a foreign corporation, in a collateral attack upon the proceedings, evidence that the corporation had an agent at the time in the county where the action was brought, duly appointed in compliance with the statute, upon whom process might have been served, was immaterial and was properly excluded, since the invalidity of the service was shown by the return.

6. FORECLOSURE DECREE—JURISDICTION.

A foreclosure decree is void where it appears from the record that the only defendant against whom a foreclosure could be had was not within the jurisdiction of the court.

7. FORECLOSURE PROCEEDINGS — JURISDICTION—VOID DECREE—EVIDENCE—RECORDS.

In an action to remove a cloud upon title where plaintiff claimed under a foreclosure sale, the records of the foreclosure proceedings were competent and admissible evidence on behalf of defendant to show that in the foreclosure proceeding the court had no jurisdiction and that the foreclosure was therefore void.

8. ACTION TO REMOVE CLOUD OR QUIET TITLE—PLEADING AND PROOF —TITLE.

Plaintiff must allege and prove title in himself in order to maintain an action either in equity to remove cloud from title or under the code to quiet title.

9. SAME—VOID FORECLOSURE SALE—ASSIGNMENT OF MORTGAGE.

One claiming title under a void foreclosure sale cannot maintain an action to remove a cloud from his title, but where the purchaser in good faith paid his money which went to the benefit of the mortgagee, the foreclosure operated as an equitable assignment of the mortgage and the purchaser or his grantee became subrogated to all the rights of the mortgagee and may maintain an action to cancel a fictitious mortgage which constitutes an apparent prior lien and to establish the priority of his own mortgage lien.

*Appeal from the District Court of Arapahoe County.*

Messrs. YEAMAN & GOVE and Mr. HENRY B. BABB, for appellant.

Messrs. WOLCOTT & VAILE and Mr. WM. W. FIELD, for appellee.

THOMSON, J.

On the 1st day of October, 1889, the Mountain Water Company executed forty bonds, by each of which it promised to pay the bearer, on the 1st day of July, 1909, the sum of $1,000, with interest from date, payable on the first days of January and July of each year until maturity; and, to secure the payment of the bonds and interest, executed to John L. McNeil and the acting sheriff of Arapahoe county, as trustees, a mortgage of all its real estate, and all its other property and rights, including its franchises. These bonds were duly issued and sold, and, in the year 1890, were the property of a firm called C. H. Venner & Company. This firm was afterwards dissolved, and the bonds passed into the possession of a new firm of the same name; and, upon the dissolution of the latter firm in 1892, came into the hands of Clarence H. Venner. On the 15th day of November, 1890, the Mountain Water Company conveyed all its property, real and personal, and all its franchises and rights, to the Denver City Water Works Company, which latter company, at the same time, received a conveyance of the property of the Denver Water Company, subject to a mortgage to the Farmers' Loan & Trust Company to secure the payment of 2,009 bonds executed by it for $1,000 each. On the same day the Denver City Water Works Company executed its mortgage to the Central Trust Company of New York, as trustee, to secure the payment of its 7,000 bonds of $1,000 each, of which 1,288, were afterwards sold. On the 28th day of April, 1891, the Denver City Water Works Company sold and conveyed all of its property, including the property conveyed to it by the Mountain Water Company, to the American Water Works Company, a corporation organized under the laws of New Jersey. On the 15th day of January, 1892, default having been made by the Denver Water Company in the payment of the interest on its bonds, and certain other corporations, whose property had been acquired by the Denver Water Company being also in default in the payment of interest secured by mortgages

executed by them, separate proceedings for foreclosure were instituted against those corporations and the Denver Water Company, which suits were afterwards consolidated into one action numbered 16249; and the Denver City Water Works Company having also made default in the payment of the interest due on its bonds, suit for foreclosure was brought against it and its grantee, the American Water Works Company, which suit was numbered 17476. In the consolidated action numbered 16249, the trustees named in the several mortgages were parties plaintiff, and the Denver City Water Company, the Denver City Water & Irrigation Company, the Domestic Water Company, the Denver Water Company, the Denver City Water Works Company, the American Water Works Company, the Central Trust Company of New York, and certain individuals, were parties defendant; and in action numbered 17476, the Central Trust Company of New York was plaintiff, and the Denver City Water Works Company, and the American Water Works Company, were defendants. In case No. 16249, after the consolidation of which mention has been made, an amended complaint was filed, which was the starting point of the subsequent proceedings in the case. This complaint alleged the purchase by the Denver Water Company of the property and franchises of the Denver City Water Company, the Domestic Water Company, and the Denver City Irrigation & Water Company, and the assumption by it of the bonds issued by those companies; the acquisition by the Denver City Water Works Company of the title of the Denver Water Company in the several properties; the execution by the Denver Water Works Company of its mortgage to the Central Trust Company, and the transfer of all its property and rights to The American Water Works Company. The prayer of the amended complaint was that an account be taken of the outstanding and unpaid bonds and coupons of the Denver Water Company, the Domestic Water Company, the Denver City Water Company, and the Denver City Irrigation & Water Company, and that the property described in the several mortgages executed by

those companies be sold for the payment of the indebtedness. In this complaint there was no mention of, or allusion to, the bonds or mortgage executed by the Mountain Water Company or the property described in its mortgage, and neither that company nor either of its trustees, was a party to the suit. The defendants entered no appearance to the action, and judgment went against them by default. The decree, which was entered July 20, 1893, followed the prayer of the complaint, and concluded as follows: "That any party to this proceeding may apply to the court for further orders and directions at the foot of this decree to correct any error or to supply any omission that may be discovered, and for any proper purpose necessary to protect the rights of each and all of the parties thereto, and that on the adjournment of the present term of this court, the said cause shall stand continued until the next term of this court, the court reserving full and complete jurisdiction over this cause until the sale of the property herein provided for and the approval and consummation of such sale by this court." Afterwards, on the 29th day of March, 1894, on motion of the plaintiffs, an addition was made to the decree, providing for the sale of the property described in the mortgage executed by the Mountain Water Company. In action numbered 17476, the following was the return of service of summons:

"STATE OF COLORADO    }
                      }  ss.
  COUNTY OF ARAPAHOE  }

"Samuel N. Mitchell, being first duly sworn, deposes and says: That he is over the age of eighteen years and that he is not a party to the within entitled action; that he personally served the within summons upon the defendants within named as follows: that is to say, by delivering a copy thereof to Clarence H. Venner, vice-president of the American Water Works Company, at Denver in the county aforesaid, on November 5, 1892, and by delivering a copy thereof to William P. Robinson, president of the Denver City Water

Works Company at Denver, as aforesaid, on this November 12, 1892, and that at the time of said service he also delivered to the said Clarence H. Venner and the said William P. Robinson, respectively, a copy of the complaint in the within entitled action, and further affiant saith not.

(Signed)      "SAMUEL N. MITCHELL."

There was no appearance to this suit by the defendants, or either of them, and judgment was taken against them by default.   The decree provided for the sale of the property which had been transferred to the American Water Works Company, including the property described in the mortgage executed by the Mountain Water Company.

In pursuance of the two decrees, and in accordance with their terms, a sale was made of all the property which they described, and for the sale of which they provided, including the property embraced in the Mountain Water Company's mortgage.   The Denver Union Water Company, a corporation, claiming to be the owner of the property so sold, instituted this proceeding to obtain a cancelation of the mortgage executed by the Mountain Water Company to John L. McNeil, and the acting sheriff of Arapahoe county, trustees. Those trustees were joined with Clarence H. Venner as defendants.   The complaint alleged the execution of the several mortgages we have mentioned, traced the titles to the property which they described into the American Water Works Company; set forth the proceedings for foreclosure, the resultant decrees, and the sale; averred the conveyance of the property to the plaintiff by the grantee of the purchaser at the judicial sale; alleged that the defendant Venner possessed, and claimed to be the owner of, the bonds to secure which the Mountain Water Company's mortgage was given; and stated that the bonds had been fully paid.   The answer of Venner denied the alleged title of the plaintiff, denied payment of the bonds, and averred ownership and possession of the bonds in him.   The defendant McNeil answered, disclaiming any interest in the suit; and William

K. Burchinell, the acting sheriff, made default. A decree was rendered in accordance with the prayer of the complaint, and the defendant Venner appealed.

In behalf of the plaintiff, the point is made that because the appeal was taken by Venner alone, it cannot be entertained. Section 400 of the code provides that in a case of a judgment against two or more persons, any one of them may appeal, and may use the names of the others if necessary. This authorized the appeal by Venner, and his appeal stayed all proceedings on the judgment. *McCoy v. Wilson*, 8 Colo. 335. Venner was the real and only party in interest. The others were merely trustees, to whom it was a matter of supreme indifference what decree should be rendered. A judgment for either side could not possibly affect any interest of theirs; there was nothing which required an appeal by them; and the use of their names by Venner was unnecessary.

The validity of the decrees is brought into question by the defendant. But it is contended for the plaintiff that the proceedings under which the sale was made are not properly subject to investigation in this suit, and that the defendant cannot legally be permitted to go behind the deed made pursuant to the decrees. But the effect of the deed is dependent upon the decrees; it has no validity except what it derives from them; and therefore, to determine its character, they must be examined. It is unquestionably true, as plaintiff contends, that the judgment of a court of competent jurisdiction, so long as it stands in full force and unreversed, cannot be impeached in any collateral proceeding on account of mere errors or irregularities not going to the jurisdiction. And it is also true where the jurisdiction of the court depends upon facts not appearing in the record, the existence of such facts will be presumed, and evidence *dehors* the record, is incompetent, collaterally, to rebut the presumption. But it is equally true that if, upon the face of the record, the court was without jurisdiction to proceed, its judgment is a nullity; all subsequent proceedings which derive their authority from

the judgment, are void; and the invalidity of the judgment, as well as the proceedings following it, may be shown whenever and wherever they are asserted as the foundation of a right. In the language of the court, in *Thompson v. Tolmie*, 2 Pet. 157, "If there is a total want of jurisdiction, the proceedings are void and a mere nullity, and confer no right, and afford no jurisdiction, and may be rejected when collaterally drawn in question." The objections made to these decrees go directly to their validity. It is not mere irregularities, or errors, of which complaint is made. The jurisdiction of the court to render the decrees is denied. This question of jurisdiction must, therefore, be investigated; and the investigation must be confined to the disclosures made by the record.

The defendant, for the purpose of showing the want of jurisdiction in the court, sought to introduce in evidence the amended complaint in the consolidated action numbered 16249, and the original and amended decree in the case; and also offered the return of service in case numbered 17476; but the proposed evidence was rejected as immaterial. It has, however, been preserved, and is before us. The question raised with reference to case 16249, as to the power of the court, after the lapse of the term, to amend its decree by incorporating into it an additional judgment, does not require decision. We do not undertake to say that the position of the defendant that the amendment, as made, was without support from the reservation of jurisdiction contained in the decree as originally entered, and was without authority of law, is untenable; but the conclusion we have reached makes it immaterial whether the order for the sale of the Mountain Water Company's property was contained in the decree originally, or was introduced into it afterwards.

The amended complaint which the consolidation of the different suits into the one action No. 16249, rendered necessary, and which was the only pleading by which the subsequent proceedings could be guided, sought the foreclosure of the mortgage executed by the Denver Water Company;

and, as that company had become the owner of the proper-
ties of other corporations, and had assumed their indebted-
ness, the charging of that indebtedness, against the entire
property of the Denver Water Company.   None of the
mortgages, either of the Denver Water Company or of the
companies whose properties it had acquired, embraced the
property mortgaged by the Mountain Water Company.   That
property was never owned by any of those companies ; it
was not mentioned in the complaint, and no relief was sought
in relation to it.   There was not a word in any of those mort-
gages, nor an allegation in the complaint, which would au-
thorize an allusion to that property in the decree.   In order-
ing it to be sold, the court went entirely outside of the case
before it.   The Denver City Water Works Company, and
the American Water Works Company, were parties de-
fendant.   The entire property involved in the suit had been
conveyed to the Denver City Company, and by it to the
American Company.   The former had also acquired title to
the Mountain Water Company's property, and had trans-
ferred it to the latter.   The Denver City Company was not
a necessary party, because its title had been divested, and it
was without interest; but the American Company was a
necessary party because it owned the equity of redemption,
and that could not be barred in a proceeding to which it was
not a party.   It was made a party to extinguish its equity
in the property upon which foreclosure was sought, and no
other, and the judgment could operate upon it only in rela-
tion to that property.   That it also owned the property of
the Mountain Water Company, is immaterial.   The prop-
erty of the latter company was not embraced in the proceed-
ing ; it had not been brought within the jurisdiction of the
court ; and there was no power in the court to make any
order affecting it.   *Corwithe v. Griffing*, 21 Barb. 9 ; *Munday
v. Vail*, 34 N. J. L. 418 ; *Reynolds v. Stockton*, 43 N. J. Eq.
211 ; *Dunlap v. Southerlin*, 63 Tex. 38 ; *Reynolds v. Stockton*,
140 U. S. 254 ; *Gille v. Emmons*, 58 Kan. 118 ; *Hume v. Rob-*

*inson*, 23 Colo. 359; *Jansen v. Hyde*, 8 Colo. App. 38; Freeman on Judgments, § 130.

In suit numbered 17476, service of summons was attempted to be made upon the American Water Works Company by delivering a copy of the summons to Clarence H. Venner, who was described in the return as vice president of the company. It is provided by our statute concerning corporations, that foreign corporations shall, before they are authorized or permitted to do business in this state, make and file a certificate signed by the president and secretary of such corporation, duly acknowledged, with the secretary of the state, and in the office of the recorder of deeds of the county in which such business is carried on, designating the principal place where the business of such corporation shall be carried on in this state, and an authorized agent or agents in this state, residing at its principal place of business, upon whom process may be served. Gen. Stats. sec. 260. The law further provides that in an action against a foreign corporation doing business within this state, the summons shall be served by delivering a copy to any agent of such corporation found in the county in which the action is brought, and if no such agent shall be found in such county, then by delivering a copy of the summons to any stockholder who may be found in that county. Section 38, Mills' Ann. Code. The American Water Works Company was a foreign corporation doing business in this state. It was organized under the laws of New Jersey. Service of summons could therefore be made upon it only by the delivery of a copy of the writ to an agent of the corporation found in the county of the suit, or to a stockholder in that county, if such agent should not be found. In this case, as shown by the return, the service was made upon Venner, not as a stockholder, but as vice president; and the return did not show that no agent of the corporation could be found in Arapahoe county. It is only in the event that no agent is found in the county, that service may be had upon a stockholder. But under no condition would service upon the vice president of a foreign corporation satisfy the

requirements of the statute.  Venner may or may not have been a stockholder; there is nothing in the record to indicate whether he was or not; but service upon him as vice president, was not service upon him as a stockholder; so that if the return were otherwise sufficient, it would not show valid service.  But if the service had been upon Venner as a stockholder, the court would still have had no jurisdiction of the American Water Works Company.  There could be no service upon a stockholder except upon a failure to find an agent in the county.  The defendant offered, and was refused permission, to prove that when the attempt was made to serve the summons, the company had an authorized agent in Arapahoe county, the county in which the suit was brought, duly appointed in compliance with the statute, upon whom process might have been served.  In view of the contents of the return, the evidence offered was immaterial, and the court committed no error in excluding it.  Where substituted service is authorized, it is sufficient to give the court jurisdiction only where the condition upon which it is permissible exists; and the existence of the condition is not to be inferred, but must appear by affirmative statement in the return.  *Alexandria v. Fairfax*, 95 U. S. 774; *Settlemier v. Sullivan*, 97 U. S. 444; *Trullenger v. Todd*, 5 Ore. 36; *Comet C. M. Co. v. Frost*, 15 Colo. 310.  In a suit against a foreign corporation, service must be made upon it by delivering a copy of the summons to its agent found within the county where the action is brought.  And it is only in case such agent is not found within the county, that substituted service is valid.  Service upon a stockholder, unless there is a failure to find the agent, is a nullity.  The return of service is not aided by presumption; and to give the court jurisdiction where service is had upon a stockholder, the return must show that no agent of the corporation could be found within the county.  Even on the supposition that Venner was served as a stockholder, the return sets forth no reason why a copy of the summons was given to him.  For aught that it indicates, the proper agent of the company

might readily have been found in the county. The return says nothing about an agent, and does not purport or pretend to show the existence of the condition upon which alone substituted service is authorized. Jurisdiction of the person of a defendant, if there is no appearance by him, depends upon the service of the summons; and the fact and manner of the service must be stated in the return. It appears from this return that there was no legal service of summons upon the American Water Works Company; it also appears from the record that no appearance to the action was made by that company; hence it was not within the jurisdiction of the court, and the judgment was, as to it, a nullity. *G. W. M. Co. v. W. of A. M. Co.*, 12 Colo. 46. As it was the only defendant against whom a foreclosure could be had, the decree was void.

The record in case No. 16249, and the return in case No. 17476, were legitimate and proper evidence, and the court erred in refusing to receive them. They showed that in so far as the property in question is concerned,—and the title to no other is involved in this suit,—the court in case No. 16249 had no jurisdiction of the subject-matter; that in case No. 17476 it had no jurisdiction of the defendant; and that hence the order in each case for the sale of this property, the sale itself, and the deeds which followed the sale, were nullities.

There is some controversy between the parties as to whether this is a proceeding in equity to remove a cloud upon title, or an action under the code to quiet title. We are clearly of the opinion that it is the former, and not the latter. The action given by the code is brought by the person in possession against another person who claims an estate in the land. Mills' Ann. Code, sec. 255. We do not think that a mortgage represents an estate in land within the meaning of that section. But be this as it may, the complaint before us is a carefully prepared and elaborate bill in equity, praying a decree that the alleged title of the plaintiff be relieved from the apparent but fictitious lien of

a mortgage. However, for any purpose of the present discussion, the result is the same whether the proceeding is in equity, or under the code. Title in the plaintiff is essential to the maintenance by him of a suit in equity for the removal of a cloud. *Orton v. Smith,* 18 How. 263; *Walton v. Perkins,* 28 Minn. 413. And to maintain the statutory action, the plaintiff must aver and prove title in himself. *Wall v. Magnes,* 17 Colo. 476; *Amter v. Conlon,* 22 Colo. 150; *Walker v. Pogue,* 2 Colo. App. 149; *Stark v. Starrs,* 6 Wall. 402. The proceeding under which the plaintiff claims being void, it had no title. In so far as it was concerned, there could be no cloud, because it was without title to be affected by a cloud. It was, therefore, not in a situation to maintain this suit, unless another position which it has recently taken, can be sustained.

In its behalf it is urged that if the sales in pursuance of the foreclosure proceedings failed to pass title to the purchaser, yet they operated as an equitable assignment of the mortgages, and subrogated the purchasers to all the rights of the mortgagees. The principle invoked is established beyond controversy. Payment of the debt secured, by a person sustaining certain relations to the mortgaged premises, or to the mortgage, or to the persons interested, operates in equity as an assignment of the mortgage to him. An intruder, or a volunteer, cannot, by payment, make himself an equitable assignee; but where the situation of a party with respect to the property or the security, is such that the payment is "an equitably necessary or proper means of protecting his interests against possible loss or injury," the transaction is regarded as an assignment. 3 Pomeroy's Equity, §§ 1211, 1212.

We do not understand from the arguments that counsel of either party dissent from this general statement. The question, on opposing sides of which they have ranged themselves, is whether these purchasers sustained such relations to the subject-matter of the foreclosure proceedings, or to the mortgages, or to the parties, that in virtue of their purchase at

the foreclosure sales, they are entitled to subrogation. The contention for the defendant is that the sales, being nullities, had no effect whatever; that they did not operate as assignments of the mortgages; and that the purchasers were, therefore, mere strangers, entitled to no consideration. Let us look into this.

The sales purported to be judicial sales. The grantors of the plaintiff attended them; and, as the highest and best bidders, the property was struck off to them. They paid their money, and received their deeds. We are bound to presume that they made their bids in good faith, and parted with their money and received their deeds supposing that they were acquiring a good title to the property. The facts take them out of the class designated in the books as volunteers or strangers. But they got no title. In so far as title was concerned, their money went for nothing. Justice requires that the transaction shall not result in loss to them, if their protection is consistent with the interests and rights of the parties for whose benefit the foreclosure was sought. If their money was received by those parties, the rights of the latter under the mortgages, were extinguished; and as it was errors of their commission by which the purchasers were prevented from acquiring title, they would be estopped to say that those purchasers should not have the benefit of the mortgages for the purpose, if possible, of making good the loss. So far as the defendant is concerned, it is a matter of indifference to him to whom the securities may belong. If his prior mortgage is unpaid, he can assert his rights against one as well as another; if it has been paid, objection by him would go for nothing. We have no doubt of the right of a purchaser at a void foreclosure sale to the benefit of the mortgage for the purpose of making himself whole. *Robinson v. Ryan*, 25 N. Y. 320; *Stark v. Brown*, 12 Wis. 572; *Muir v. Berkshire*, 52 Ind. 149; *Curtis v. Gooding*, 99 Ind. 45; *Brobst v. Brock*, 10 Wall. 519.

The distinction undertaken by counsel of the defendant between a case where the mortgage was executed to secure

a debt payable to the mortgagee himself, and a case where the mortgage was executed to a trustee to secure a debt payable to another person, does not commend itself to our judgment. In the latter case, the trustee holds the naked legal title, but the beneficiary, or his assignee, is the owner of the mortgage; a transfer by him of the debt secured, carries the mortgage; the effect of such transfer is therefore the same in one case as in the other, and so far as the question we are now discussing is concerned, there is no distinction to be made between them. As grantee of the purchasers at the foreclosure sales, this plaintiff succeeded to all their rights; and among those, if they were entitled to be regarded as assignees of the mortgages, was the right, for the protection of their own security, to pay off a prior incumbrance, or, if it had been paid, but remained unsatisfied and apparently alive upon the records, to cause it to be canceled in a proper proceeding instituted for the purpose.

But we are unable to see how such relief can be allowed in the present condition of the case. The purpose of this proceeding is to obtain a decree removing a cloud upon title to real estate. The theory of the complaint is that the final result of the various steps taken in connection with the foreclosure of the mortgages, was to vest the absolute ownership of the property in the grantors of the plaintiff. It is true that the purchase of the property at the foreclosure sales, and the payment of the purchase price by the purchasers, are averred in the complaint, but they are averred in their order, simply as incidents in the history of proceedings by means of which title was alleged to be transferred. What amount was paid, or to whom it was paid, or whether any of it was received by the mortgagees, is not stated. It may be said that enough was averred to warrant an inference that the mortgagees had the benefit of the money. But a cause of action must be stated; it will not be inferred. As setting forth facts from which, in connection with the others, the plaintiff's claim of title might be deduced, those allegations were amply sufficient, but for the purpose of investing him

with the rights and remedies of the mortgagees, it must appear, in addition to other matters, that the money was received by them, or by some person legally authorized to receive it for them.

But a specific examination of separate averments is unnecessary. Upon the face of the complaint, it is clearly apparent that the right to relief is grounded on title and on nothing else; that it was only because the plaintiff regarded the mortgage of the defendant, unsatisfied on the record, as a cloud upon a title to land with which it believed itself to be invested, that it sought the cancelation of the mortgage; and it is only since the petition for a rehearing has been filed in this court that a change of position has been attempted.

If the plaintiff, as substituted mortgagee, desires the priority of its own mortgages established by the cancelation of that of the defendant, the cause of action must be set forth by averments showing it entitled to that sort of relief. A proceeding to protect a security by the cancelation of an instrument which constitutes an apparently prior incumbrance, and a proceeding to remove a cloud upon title to real estate, are totally different; and allegations necessary in one, would be without value in the other. The defendant is entitled to an opportunity to answer the case which the plaintiff now presents, and to a trial of the new issues.

The judgment will be reversed and remanded, with leave to the plaintiff to amend its complaint, and to the defendant, to plead to the amendment.

*Reversed.*