No. 11,036.

GIBBS, ET AL. v. ISON.

Decided November 10, 1924.

Action on promissory note.   Judgment for plaintiff.

*Affirmed.*

On Application for Supersedeas.

1.   PROCESS—*Summons—Return.*   The return on a summons being in proper form and showing service in accordance with the statute, the burden is upon defendant to overthrow the return by clear and convincing proof.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. A. NEWTON PATTON, Messrs. SABIN & McGLASHAN, for plaintiffs in error.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for defendant in error.

*Department Three.*

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, delivered the opinion of the court.

THIS is an action upon a promissory note.   A default judgment was rendered against the defendants.   Thereafter two of the defendants filed a motion to vacate the judgment and recall an execution issued thereunder, upon the ground that they had never been served with summons.   Upon the hearing of this motion, the same was denied.   The two defendants, above mentioned, have sued out this writ of error, and the cause is before us on their application for a supersedeas.

Under section 40 of the Code of 1921, a summons may be served "by leaving a copy of the writ at the usual place of abode of each defendant named therein, with some member of the family, in which he resides, who is over the age of

fifteen years  *  *  *." The summons in the instant case was served in the manner provided for by this section. The contention of plaintiffs in error is that the place of service was not "the usual place of abode" of the defendant W. A. Gibbs.   Upon that point the court received evidence. The amended return was in proper form, showing service in accordance with the section above cited. The burden was on defendants to overthrow the return by clear and convincing proof.   21 R. C. L. 1323; 32 Cyc. 516.

We have examined the evidence in the record, including the affidavits filed by defendants in support of their motion.   Under the evidence adduced, the court was not bound to hold the return impeached.   There was no error in refusing to vacate the judgment.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL concur.