No. 18,482.

Odessa W. Clark *v*. National Adjusters, Inc.

(348 P. [2d] 370)

Decided November 9, 1959.    Rehearing denied February 1, 1960.

Mr. George G. Ross, for plaintiff in error.

Mr. Paul A. Ruston, Mr. Eugene D. Faus, for defendant in error.

Per Curiam.

The parties appear here in the same order they appeared in the trial court and will be referred to as plaintiff and defendant.

Defendant obtained a default judgment against plaintiff and her husband on April 27, 1953, for $333.00 and costs. Pursuant to that judgment, execution was made upon real property purportedly owned by plaintiff and her husband, the property being located in the City and County of Denver, and described as lots 25 to 28 and 33 to 40, block 23, second addition to Swansea. On September 2, 1953, at a sheriff's sale defendant purchased the rights of the Clarks in the property in question. Sheriff's deeds to the property were executed and delivered to defendant on July 8, 1954.

On July 5, 1956, plaintiff, by amended complaint, filed in the instant action, sought to have vacated the judgment previously entered against her, to set aside the levy, execution and sheriff's deeds, and damages in the sum of $13,500.00 for the allegedly unlawful acts of defendant. Trial was had to the court, which granted defendant's motion to dismiss at the close of plaintiff's evidence.

The basis of plaintiff's case below, and the foundation of errors here urged, is that plaintiff had never been properly served with process in the action in which default judgment was entered against her. The attack upon the service of process is based primarily upon two alleged errors in the return, both of which are urged as substantial and in direct violation of Rule 4 of the Colorado Rules of Civil Procedure. These allegations of error are as follows:

1. That the plaintiff was improperly named in the summons, the name therein having been ODESSA CLARK and not ODESSA W. CLARK, and that Odessa Clark was in fact another individual who lived in another part of town and had nothing to do with the subject matter of the suit.

2. That the address stated by the process server at which he had made service was 4135 Quebec Street, which was in fact a non-existent number, and that plaintiff was at the time actually living at 4235 Quebec Street.

Plaintiff also urges that an affidavit filed in connection with the case was false, asserting in support thereof that the same two errors as described above were contained therein.

■ The trial court found that paintiff had been properly served with process, and there is ample evidence to sustain this finding, the service having been made upon her husband at the above home and a copy being left with him for his wife. It is well established in Colorado that service of process will not be set aside for a mere technical error, defect or omission either in the summons or in the service of summons where the error, defect or omission affects no substantial rights of the defendant. This concept, originally incorporated into Colorado law by statute (Laws, 1891, p. 3; Mills' Code, Sec. 38a) has been invoked on at least two occasions by this court. *Rich v. Collins* (1899) 12 Colo. App. 511, 56 Pac. 207; and *Schlacks v. Johnson* (1899) 13 Colo. App. 130, 56 Pac. 673. In accord 42 Am. Jur. 18-20, §18 Process; Colo. R.C.P. 4 (j).

■ Such a rule is entirely consistent with our modernized Rules of Civil Procedure, and is determinative of the issues here presented. The omission in the summons of the plaintiff's middle initial was immaterial. This court has held that in legal contemplation such initial constitutes no part of one's name, the law knowing but one Christian name. *Doane v. Glenn* (1872) 1 Colo. 495; *Nelson v. District Court* (1957) 136 Colo. 467, 320 P. (2d) 959.

■ That the number of the house indicated on the return was 4135 instead of 4235 is also immaterial, service having actually been made upon the defendant, an erroneous return does not detract from a valid service. *Nelson v. District Court,* supra. It is obvious how such an error might have occurred here, there being no visible number on the front of the house and no other houses in the immediate vicinity. Also the number of the house used had been published in the Denver telephone direc-

tory for several years as 4135. In any event, it is difficult to conceive of an error in the service of summons which could have any less of an affect upon any right of the defendant.

There being no other substantial allegations of error, the judgment is affirmed.