No. 22669.

JEFFERY BLAIR NEHER *v.* THE DISTRICT COURT FOR THE
FOURTH JUDICIAL DISTRICT, STATE OF COLORADO,
THE HONORABLE WILLIAM M. CALVERT, JUDGE.
(422 P.2d 627)

Decided January 23, 1967

R. D. THOMAS, for petitioner.

RECTOR AND KANE, JERRY ALAN DONLEY, for respondent.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS is an original proceeding in which the petitioner Jeffery Neher seeks relief by writ of prohibition directed to the District Court in and for the Fourth Judicial District and the Honorable William M. Calvert, Judge, to prevent respondents from enforcing an order to proceed to trial.

It appears that an action was filed against petitioner and his father, Charles Neher, by one Jensen alleging injuries sustained by the latter as a result of petitioner's asserted negligence in the operation in the State of Colorado of an automobile owned by the father. Personal service was had upon Charles Neher at his home in the State of Florida and substituted service was attempted upon the petitioner by serving his father for him at the same address.

Petitioner appeared specially and moved to quash the return of service of the summons on the grounds that it was invalid and wholly insufficient in law and fact since the address used in Florida was not his "usual place of abode" as required by 1965 Perm. Supp., C.R.S. 1963, 37-1-26 and 37-1-27 and by R.C.P. Colo. 4(e) and (f). This motion was denied after a hearing and petitioner was ordered to file his responsive pleadings and proceed to trial.

From the briefs it appears that petitioner, Jeffrey Neher, is a member of the United States Armed Forces serving in the Pacific area. His father's affidavit, filed in the trial court to that effect states:

"That he is one of the defendants in the above named action and is the father of Jeffery Blair Neher, the other defendant herein.

"That affiant lives at 2611 Southwest 20th Street, Fort Lauderdale, Florida, and is married.

"That Jeffery Blair Neher is in the United States Army, and his address on September 9, 1966 [the date of the contested service], was, and is, Company B, 5th Battalion, 7th Cavalry, APO San Francisco, California, 96490."

■ As stated, the petitioner contends that leaving a copy of the summons and complaint with his father at the above address is not valid service of process since this was not his usual place of abode. We agree with this contention.

■ The term "usual place of abode" has generally been construed to mean the place where that person is actually living at the time service is attempted. It is not necessarily synonymous with "domicile." See *State ex rel Merritt v. Heffernan,* 142 Fla. 496, 196 So. 145 (1940); *Berryhill v. Sepp,* 106 Minn. 458, 119 N.W. 404 (1909). In *Kurrilla v. Roth,* 132 N.J.L. 213, 38 A.2d 862 (1944), a case directly in point involving an attempted service under a long-arm statute on a serviceman at his mother's home, the court, in holding the service to be defective, stated:

"Upon defendant's induction into the armed forces, his mother's home ceased instanter to be his place of abode. It does not matter in this regard that some of his clothing and personal belongings remain there, or that he intends to return to his mother's home, wherever it may be, as soon as his military service is terminated. While filial love binds him to his mother wherever she may be, and her home is his for lack of another, it is no longer his 'actual place of abode' within the intendment of the statute. Thus, the return is shown to be false, and so the service must be set aside."

Respondent cites the rule that in Colorado a sheriff's return of service is prima facie evidence of the facts recited therein. *Gibbs v. Ison,* 76 Colo. 240, 230 Pac. 784 (1924).

We hold that the showing here which, though not as detailed as may be desirable, is sufficient as a matter of law to overcome the prima facie showing made by the sheriff's return and that the service must therefore be set aside.

The rule is made absolute.