In re the MARRIAGE OF Thomas Wayne THACKER, Appellee,

and

Retta Lou Thacker, Appellant.

No. 84CA0104.

Colorado Court of Appeals, Div. I.

Jan. 24, 1985.

No appearance for appellee.

Ronald A. Peterson, P.C., Ronald A. Peterson, Colorado Springs, for appellant.

BABCOCK, Judge.

In this dissolution of marriage action, Retta Lou Thacker, wife, appeals the trial court's denial of her motion to set aside the decree for lack of personal jurisdiction. The primary issue presented is whether the return of service which named the person served as "Patta Lou Thacker" constituted sufficient proof of service of process upon wife to allow the court to acquire personal jurisdiction over her. We conclude that it did not and reverse the denial of the motion to set aside.

A return of service constitutes *prima facie* evidence of the facts cited therein. *Neher v. District Court,* 161 Colo. 445, 422 P.2d 627 (1967). This showing may be overcome by clear and convincing proof. *Neher v. District Court, supra.* However, if service has actually been made, it will not be invalidated merely because the return of service contains a technical error, defect, or omission which does not affect the substantial rights of defendant. *Clark v. National Adjusters, Inc.,* 140 Colo. 593, 348 P.2d 370 (1959).

Here, the return of service presented a *prima facie* case that service was made upon the wrong person. In addition, wife submitted two affidavits stating that she had not been served, as well as an affidavit of her attorney stating that to the best of her recollection, wife had not been served with process. Husband failed to present any evidence to show that the incorrect name on the return of service was a technical error, nor did he present any competent evidence showing that wife had actually been served with process. Upon this evidence, the trial court was bound to hold that proper service had not been effected and to grant wife's motion to set aside the decree. *See Gibbs v. Ison,* 76 Colo. 240, 230 P. 784 (1924).

Contrary to the trial court's conclusion, wife's knowledge of the pending lawsuit was not a substitute for service of process. *Weber v. Williams,* 137 Colo. 269, 324 P.2d 365 (1958). Furthermore, wife's previous filing of an action under the Revised Uniform Reciprocal Enforcement of Support Act, §§ 14-5-101, et seq., C.R.S. did not confer jurisdiction over her upon the trial court. Section 14-5-133, C.R.S. Apparent consolidation of that support action with this case does not change this result.

Accordingly, the order denying wife's motion to set aside the decree of dissolution is reversed, and the cause is remanded to the trial court with directions to set aside the decree.

PIERCE and SMITH, JJ., concur.