Arthur J. STEGALL, Plaintiff–Appellee,

v.

Rosann H. STEGALL, individually and as Trustee of the Rosann H. Stegall Living Trust Dated November 16, 1977, Defendant–Appellant.

No. 86CA0469.

Colorado Court of Appeals, Div. III.

Nov. 12, 1987.

Rehearing Denied Jan. 28, 1988.

Certiorari Denied June 20, 1988.

Davis, Graham & Stubbs, David K. Isom, Salt Lake City, Utah, for plaintiff-appellee.

Richard Y. Neiley, Jr., P.C., Richard Y. Neiley, Jr., Aspen, for defendant-appellant.

VAN CISE, Judge.

Rosann H. Stegall, defendant, appeals the denial of her motions to quash service of process and set aside default judgment. We affirm.

Arthur J. Stegall, plaintiff, sued defendant to enforce an option agreement concerning real property in Pueblo County, Colorado. A process server reported that he left the service documents with defendant as she sat in her truck in Phoenix, Arizona. Defendant did not answer the complaint, and default judgment was entered.

Defendant then moved to quash service and set aside the default, claiming she had not been served. After a hearing, the trial court found defendant's claim incredible and denied her motions.

## I.

Defendant first contends that the trial court applied the wrong burden of proof. Defendant argues that under § 13–25–127(1), C.R.S., only a preponderance of the evidence was required to support her motions. We find no reversible error.

Return of service is prima facie evidence of the facts recited, and it may be overcome by clear and convincing proof. *Gibbs v. Ison*, 76 Colo. 240, 230 P. 784

(1924); *In re Marriage of Thacker,* 701 P.2d 871 (Colo.App.1985). Further, the party moving to set aside a default judgment has the burden of establishing grounds for relief by "clear, strong, and satisfactory" proof. *Craig v. Rider,* 651 P.2d 397 (Colo.1982).

■ Here, the trial court concluded that defendant "failed to sustain her burden of proof by clear and convincing evidence that there had been invalid service in this case." The trial court determined that defendant was not a credible witness and "there is no reason or justification in any way to set aside and quash the service." Because defendant's motions were not supported "in any way," and plaintiff presented evidence that service was proper, the trial court's formulation of burden of proof, if error, was harmless and is not cause for reversal. *See* C.R.C.P. 61.

## II.

Defendant next contends that the evidence was insufficient to support the trial court's conclusion that service was proper. We disagree.

■ Defendant argues that the process server was required to state the name of the process when he left the papers with her. This argument is without merit. *See Martin v. District Court,* 150 Colo. 577, 375 P.2d 105 (1962).

■ Defendant also argues that any conflicts in the testimony should be resolved in her favor. To the contrary, the trial court has discretion to resolve conflicting testimony and determine witness credibility and the weight to be given to the evidence. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). Here we find no error in the trial court's resolution of the conflicting evidence.

## III.

Defendant also contends that the trial court erred in admitting evidence concerning her avoidance of service in other proceedings. We disagree.

■ Similar transaction evidence is admissible if it is offered for a valid purpose, is relevant to a material issue, and has probative value that outweighs any prejudice resulting from its admission. *College v. Scanlan,* 695 P.2d 314 (Colo.App.1985); CRE 404(b).

■ Here, the evidence was offered to show defendant knew how to and had a plan to avoid and deny service. *See People v. Mason,* 643 P.2d 745 (Colo.1982). The testimony as to defendant's request that her maid sign a false affidavit was also relevant to defendant's credibility. The evidence was admissible to refute defendant's claim that she was not served in this case.

## IV.

Defendant finally contends that plaintiff was not entitled to attorney fees. We disagree.

■ Attorney fees may be awarded for actions or defenses that are substantially vexatious or brought or raised in bad faith. Section 13–17–102, C.R.S. (1986 Cum. Supp.); *see Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984). Bad faith includes conduct disrespectful of the truth. *See Western United Realty, Inc. v. Isaacs, supra.*

■ Here, we perceive no abuse of discretion in the trial court's finding of bad faith. The determination of defendant's credibility is binding on review, and the conclusion that she presented no justification for her motions is supported by the record. *See Page v. Clark, supra.* Further, as plaintiff argues, he is entitled to attorney fees under the option agreement between the parties.

## V.

Plaintiff also requests an award of his attorney fees on appeal. We agree that under the parties' agreement plaintiff may apply to the trial court for his fees.

The orders are affirmed. The cause is remanded to the trial court for a determi-

nation of plaintiff's reasonable attorney fees on appeal.

ENOCH, C.J., and BABCOCK, J., concur.