Kathleen M. DENMAN,
Plaintiff–Appellant,

v.

GREAT WESTERN RAILWAY COMPA-
NY, a Colorado corporation,
Defendant–Appellee.

No. 89CA1486.

Colorado Court of Appeals,
Div. V.

Nov. 8, 1990.

Rehearing Denied Dec. 20, 1990.

Certiorari Denied June 3, 1991.

Banta, Hoyt, Greene & Everall, Richard
D. Greene, Englewood, Sherman & Ho-
ward, Edward A. Gleason, Amy L. Benson,
Colorado Springs, for plaintiff-appellant.

Harding & Ogborn, Michael J. Ogborn,
Michael W. Lillie, Sherri A. Heckel, Den-
ver, Fischer, Howard & Francis, Elery Wil-
marth, Fort Collins, Colo. for defendant-ap-
pellee.

Opinion by Judge CRISWELL.

Plaintiff, Kathleen M. Denman, appeals
from the dismissal of her claim against
defendant, Great Western Railway Compa-
ny. She asserts that the trial court erred
in failing to enter a default judgment in her
favor against Great Western following our
remand after a previous appeal. *See Den-
man v. Burlington Northern R.R. Co.*,
761 P.2d 244 (Colo.App.1988). We conclude
that the trial court's dismissal of plaintiff's
claims against Great Western was not con-
trary to our remand order and was other-
wise proper. Thus, we affirm its judg-
ment.

Plaintiff's initial complaint was filed in
Denver District Court and named Great

Western and several other parties as defendants. However, the case was later transferred to the Larimer County District Court for trial pursuant to C.R.C.P. 42.1 (consolidated multi-district litigation).

Before the case was transferred to Larimer County, plaintiff purported to obtain service on Great Western by serving one of its employees in Loveland, Colorado, who was designated as a "superintendent." When Great Western failed to answer or otherwise appear in the litigation, plaintiff applied for the entry of a default, and such default was entered pursuant to C.R.C.P. 55(a). No notice, other than the service of process upon the Loveland employee, was given to Great Western before this default was entered.

Plaintiff did not at that time apply for the entry of a default judgment against Great Western pursuant to C.R.C.P. 55(b). Rather, she proceeded to trial against one of the other defendants, Burlington Northern Railroad Co. That trial ended in a verdict and judgment in favor of that defendant. Upon completion of that trial, plaintiff moved for entry of a default judgment against Great Western. However, the trial court refused to enter such a judgment, concluding that the judgment in favor of Burlington Northern precluded plaintiff's recovery against Great Western.

On appeal to this court, we reversed that portion of the trial court's judgment. In doing so, we considered that Great Western had impliedly admitted all of the allegations against it by failing to respond to plaintiff's complaint. Thus, we concluded that neither the evidence adduced at the trial of plaintiff's claim against Burlington Northern nor the judgment entered on that claim was relevant to the claim being asserted against Great Western. Consequently, we held that, once a default is entered pursuant to C.R.C.P. 55(a), the court, in considering the entry of a judgment under C.R.C.P. 55(b), is to be concerned "only with the matters of *jurisdiction,* venue, competency, and amount of damages...." *Denman v. Burlington Northern R.R. Co., supra* (emphasis supplied).

We also noted in that opinion, however, that any concern about potential injustice that might result from the entry of a default judgment could be addressed at a later time, pursuant to applications filed pursuant to C.R.C.P. 55(c) or C.R.C.P. 60(b) (relating to setting aside defaults and default judgments, respectively). Thus, we remanded the cause to the trial court with directions to it to "conduct further proceedings required by C.R.C.P. 55(b)(2) and for entry of such judgment as the court deems proper."

Upon remand, but before the trial court had entered any judgment under C.R.C.P. 55(b), Great Western filed its motion pursuant to C.R.C.P. 55(c) to set aside the previously entered default. It asserted that (1) there had been no proper service of process upon Great Western and (2) there was other "good cause" for setting the default aside.

After considering various affidavits submitted by the parties, the trial court set aside the default, but offered to allow plaintiff to proceed to a trial to establish her claim against Great Western. However, plaintiff elected to stand upon her right to a default judgment and refused to present any further evidence. As a result, the trial court entered its judgment dismissing the claim asserted.

## I.

Plaintiff first contends that both the trial court and Great Western were bound by the conclusions stated by this court in its previous opinion which became the "law of the case," so that the trial court was required, under our mandate, to enter a judgment against Great Western. We disagree.

Great Western would be bound by our previous judgment only if it were a proper party to that previous litigation. If it had been properly served with process, it would have been a proper party. On the other hand, if the prior service of process upon Great Western was not proper, it would not have been a party to the litigation at any time prior to the filing of its C.R.C.P. 55(c)

motion. *See Weaver Construction Co. v. District Court,* 190 Colo. 227, 545 P.2d 1042 (1976). And, nothing this court said in the previous appeal could bind Great Western in that latter circumstance. *See People ex rel. Gallagher v. District Court,* 666 P.2d 550 (Colo.1983).

Further, our previous opinion made clear that that opinion would not foreclose Great Western from obtaining relief under either C.R.C.P. 55(c) or C.R.C.P. 60(b). One of the grounds for relief under either of these rules is that the order or judgment of default is "void." And, if there was no proper personal jurisdiction over Great Western, the order of default was void. *Weaver Construction Co. v. District Court, supra.*

Finally, the issue whether Great Western had been properly served was neither raised nor considered in the prior appeal. Nevertheless, our opinion expressly recognized that, in determining whether a default judgment should enter, the question of its jurisdiction was an appropriate subject for the trial court to consider.

We conclude, therefore, that nothing in our prior opinion precluded the trial court from considering the issues presented by Great Western in its motion.

## II.

C.R.C.P. 4(e)(5) provides that a corporation may be served with process by delivering a copy to any "officer, manager, general agent, or registered agent." Further, if no such officer or agent can be found in the county in which the action is brought, "then service may be made upon any stockholder, agent, member, or principal employee *found in such county....*" (emphasis supplied). However, if the service is not made upon an "executive officer, secretary, general agent, or registered agent," then the clerk of the court must mail a copy of the process to the corporation at its last known address at least 20 days before any default is entered.

The service here was upon an admitted agent of Great Western. However, that service was effectuated in Loveland, not in the City and County of Denver, where the suit was then pending. And, there is no claim made that the employee served was either an executive officer, secretary, or registered agent for the corporation. Thus, unless this individual was a "general agent," it is arguable that the service itself was defective because it was not made in the county where the suit was filed. *See Venner v. Denver Union Water Co.,* 15 Colo.App. 495, 63 P. 1061 (1900).

In any event, unless the individual served in Loveland was a "general agent" within the meaning of C.R.C.P. 4(e)(5), the clerk of the court was required to send a copy of the process to Great Western's last known address at least 20 days before the entry of any default. If this notice was required but not provided, then default could not be entered against Great Western. *See Civil Service Commission v. Doyle,* 162 Colo. 1, 424 P.2d 368 (1967) (notice requirements of C.R.C.P. 55(b) must be "fastidiously adhered to"); *Southerlin v. Automotive Electronics Corp.,* 773 P.2d 599 (Colo.App. 1988) (notice requirements of C.R.C.P. 55(b) are jurisdictional).

A "general agent" for a corporation under C.R.C.P. 55(b) is normally considered to be an individual performing duties necessary to the corporation's operations and responsibly in charge of a substantial phase of the corporation's activities. *Gottlieb v. Sandia American Corp.,* 452 F.2d 510 (3d Cir.1971), *cert. denied,* 404 U.S. 938, 92 S.Ct. 274, 30 L.Ed.2d 250 (1971). Thus, the determination of the question whether an individual is such a general agent requires an analysis of that person's duties, responsibilities, and authority. *Gottlieb v. Sandia American Corp., supra.*

However, the parties here presented little competent evidence upon this determinative question in the trial court. Thus, it was virtually impossible for that court to engage in the necessary factual analysis.

The deputy sheriff's return of service merely describes the individual as "Supt." This return was later supplemented by an affidavit in which the deputy noted that the person served told him that "he was the

person in charge of the operations of the Great Western Railroad Company at 950 Monroe, Loveland, Colorado." However, plaintiff presented no evidence that gave any indication of the nature of the "operations" carried on at that address or the job responsibilities of the individual served.

Great Western submitted two affidavits. The first, prepared by its president and chief executive officer, contained the conclusionary allegation that the person served "was not the agent for service of process." However, this affidavit did not delineate that person's job responsibilities.

Great Western's second affidavit was from a person named Thomas B. Petersen, who is not otherwise described. The averments of this affidavit included the following:

"Superintendent was the title of [the person served] and in accordance with the chain of commend [sic] of the Great Western Railroad Company ... a superintendent was responsible for customer contacts, scheduling and tariff matters and had no authority or duties with respect to legal matters and no authority to accept service of process."

This affidavit failed to state if, or how, the affiant came by the information included in the affidavit. It is arguable, therefore, that this affidavit was not competent evidence of those facts. *See National Surety Corp. v. Citizens State Bank*, 651 P.2d 460 (Colo.App.1982) (depositions of persons not having personal knowledge of facts cannot be relied upon to enter summary judgment).

After considering the foregoing information, and noting its deficiencies, the trial court concluded, among other things, that plaintiff had the burden of showing that the service upon Great Western was valid and that the entry of the default was proper. It also concluded that plaintiff had failed to sustain these burdens. Our review of the record convinces us that the trial court's conclusions in this respect were proper.

■ It is the general rule that, if the jurisdiction of a court is challenged, the burden is upon the plaintiff to establish by competent evidence all facts essential to the court's jurisdiction. *Harvel v. District Court*, 166 Colo. 520, 444 P.2d 629 (1968); *Aetna Casualty & Surety Co. v. Denver School District No. 1*, 787 P.2d 206 (Colo.App.1989).

This rule, however, has generally been applied to proceedings occurring *before* a judgment enters. If the return of service recites all the essential facts to demonstrate the adequacy of the service, and the challenge to the court's jurisdiction is made after the court has entered a judgment (and, thus, presumably has passed upon the question of its jurisdiction), the burden of demonstrating the court's lack of jurisdiction may be upon the party seeking to have the judgment set aside. *See Gibbs v. Ison*, 76 Colo. 240, 230 P. 784 (1924); *Stegall v. Stegall*, 756 P.2d 384 (Colo.App.1988).

Here, the burden of demonstrating the existence of personal jurisdiction over Great Western was, as the trial court concluded, upon plaintiff. Great Western raised the question of jurisdiction before any judgment had been entered, and in addition, the deputy sheriff's return of service did not, on its face, show that the person served was a general agent.

■ Thus, when Great Western challenged the court's jurisdiction over it, plaintiff had the burden of proving that the employee she served was a general agent. But, we agree with the trial court that mere proof that the employee was a "superintendent" in charge of the "operations" at an address in Loveland, without establishing either the nature of those operations, the relationship of those operations to Great Western's business as a whole, or the nature of the employee's responsibilities, did not, as a matter of law, meet that burden.

### III.

Having concluded that the trial court was right in determining that the default was improperly entered, we need not review the propriety of the trial court's conclusion that Great Western also established other "good cause" to set the default aside.

Further, because plaintiff made clear both to the trial court and before this court that she did not want to try the issue of Great Western's liability to her, if it was determined that she was not entitled to a default judgment, we shall simply affirm the judgment dismissing her claim against that defendant, without remanding the cause for a trial.

Judgment affirmed.

PLANK and COYTE *, JJ., concur.